Argued and submitted June 19, reversed and remanded for consideration of plaintiff's cost bill, otherwise affirmed September 24, reconsideration denied November 7, petition for review denied December 3, 1986 (302 Or 342)

MURRAY,
*Appellant,*

*v.*

MEYER et al,
*Respondents.*

(17145; CA A35557)

725 P2d 947

J. R. Perkins, III, The Dalles, argued the cause and filed the briefs for appellant.

Thomas C. Peachey, The Dalles, argued the cause for respondents. On the brief were John T. Lewis, and Lewis, Foster & Peachey, The Dalles.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Plaintiff appeals from a final judgment in an action on a contract. We limit our discussion to his assignment of error with respect to the trial court's disallowance, on procedural grounds, of his cost bill. On that issue we reverse; we affirm in all other respects.

The trial court disallowed the cost bill, because plaintiff had "failed to prove that the cost bill was served upon defendants in accordance with Oregon law." On appeal, plaintiff contends that he complied with the relevant rules of procedure or that, if he did not, the defect in the manner of service did not affect their substantial rights and should therefore be excused. The resolution of this case requires that we reconcile two rules: ORCP 9B and ORCP 12B.

ORCP 68C(4)(a)(i) provides that cost bills shall be served, in the manner set forth in ORCP 9B, on all parties who are not in default for failure to appear, not later than ten days after the entry of judgment. ORCP 9B provides:

> "Whenever under these rules service is required or permitted to be made upon a party, and that party is represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to such attorney or party or by mailing it to such attorney's or party's last known address. Delivery of a copy within this rule means: handing it to the person to be served; or leaving it at such person's office with such person's clerk or person apparently in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at such person's dwelling house or usual place of abode with some person over 14 years of age then residing therein. A party who has appeared without providing an appropriate address for service may be served by placing a copy of the pleading or other papers in the court file. Service by mail is complete upon mailing. Service of any notice or other paper to bring a party into contempt may only be upon such party personally."

Plaintiff served his cost bill by placing a certified copy in a folder located in a common message drop facility in the Wasco County Courthouse on which the name of defendants' attorney was inscribed.

Clearly, the manner chosen by plaintiff to serve defendants did not comply with ORCP 9B. The rule does not authorize courthouse service. It is not sufficient for the purpose of determining compliance with the rule, as plaintiff contends, that someone (identity unknown) eventually delivers the cost bill to the appropriate person or office within the time allotted by ORCP 68C.[1] More problematic is the question of whether plaintiff's noncompliance with ORCP 9B is fatal to his claim. Defendants do not complain that their attorney did not actually receive a certified copy of the cost bill within ten days of entry of the judgment.[2]

Under the facts and circumstances, we conclude that ORCP 12B is determinative. That rule provides:

> "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

Defendants make no assertion whatsoever that they were in any way prejudiced by the method of service utilized. They simply argue that the letter of ORCP 9B was not followed and that the Oregon Rules of Civil Procedure "must either be complied with, as written, or they will become a nullity."

We disagree. ORCP 9B specifies a manner of service that is impervious to collateral attack. If the prevailing party complies with the rule, serves the adverse parties not later than ten days after entry of judgment and files the original statement and proof of service with the court in accordance with ORCP 68C(4)(a)(ii), the adverse party may not complain of untimely notice. On the other hand, if the prevailing party fails to comply with ORCP 9B, questions of fact may be raised with respect to whether and when service was accomplished, and that party may not be able to establish the adequacy of service. Thus, the importance of strict compliance with ORCP 9B is not negated by application of ORCP 12B. The two rules are not inconsistent.

ORCP 12B constitutes an explicit directive from the

---

[1] Plaintiff and defendants disagree over whether plaintiff's method of service was in accordance with the custom and practice of the local legal community. However, ORCP 9B controls, and local practices are not relevant.

[2] Plaintiff's cost bill was filed with the court on February 11, 1985. The certificate of service was filed on February 13, 1985. The judgment was filed on March 4, 1985.

legislature to disregard errors and defects which do not affect the substantial rights of the adverse parties. Because defendants' attorney did not claim that he did not actually receive the cost bill within the time allowed by statute and claims no prejudice from the manner of service, we conclude that the trial court erred in failing to disregard the defects in service.

Reversed and remanded for consideration of plaintiff's cost bill; otherwise affirmed.