Argued and submitted October 24, 1994, reversed and remanded January 4, 1995

Jeffrey W. FREDERICKSON,
*Respondent,*

*v.*

Skip DITMORE,
*Appellant.*

(CV2-0077-16; CA A82188 (Control))

DCR CORPORATION,
an Oregon corporation,
*Respondent,*

*v.*

Skip DITMORE,
*Appellant.*

(CV2-0091-16; CA A82189)
(Cases Consolidated)

888 P2d 108

J. C. Van Voorhees argued the cause for appellant. With him on the brief was Van Voorhees & Larson.

No appearance for respondent Jeffrey W. Frederickson.

No appearance for respondent DCR Corporation.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals from the trial court's supplemental judgment denying his request for attorney fees. We reverse and remand.

Plaintiffs Frederickson and DCR Corporation, in separate actions that were ultimately consolidated, sought to terminate defendant's tenancy pursuant to ORS 90.400, the landlord remedies of Oregon's Residential Landlord Tenant Act (RLTA), and ORS 105.105 through ORS 105.168, Oregon's forcible entry and detainer provisions. Defendant raised counterclaims in both actions, seeking, *inter alia*, "prevailing party" attorney fees under the RLTA, ORS 90.255. Before trial, plaintiffs voluntarily dismissed their complaints, and defendant proceeded to trial, prevailing on all of his counterclaims. On September 30, 1993, the trial court entered judgment for defendant, awarding compensatory and punitive damages totalling $5,500. That judgment further provided:

"Defendant is the prevailing party and is entitled to Defendant's costs and disbursements necessarily incurred, including reasonable attorney's fees, to be set pursuant to ORCP 68."[1]

On October 4, 1993, defendant filed his statement of attorney fees and costs and disbursements pursuant to ORCP 68C(4)(a)[2] and "served" that statement by leaving a copy in plaintiffs' counsel's mail folder at the Crook County Courthouse.[3] On October 8, 1993, plaintiffs "served" their objections to defendant's statement, and their request for a

---

[1] Plaintiffs timely appealed from the September 30, 1993, judgment. However, they subsequently dismissed their appeal.

[2] ORCP 68C(4)(a) reads:

"(a) A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to Rule 67:

"(a)(i) File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with Rule 9C; and

"(a)(ii) Serve, in accordance with Rule 9B, a copy of the statement on all parties who are not in default for failure to appear."

[3] As noted below, in the absence of actual notice, that method of "service" was insufficient. *See Murray v. Meyer*, 81 Or App 432, 435, 725 P2d 947, *rev den* 302 Or 342 (1986). However, plaintiffs did not object to the sufficiency of service.

hearing on those objections pursuant to ORCP 68C(4)(c),[4] by delivering copies of those pleadings to defense counsel's designated mail slot at the Crook County Courthouse. Plaintiffs objected that the requested fees were not clearly allocated and were excessive, but did not dispute entitlement. On October 15, 1993, the court allowed plaintiffs' request for a hearing on their objections. On November 3, 1993, plaintiffs' new counsel filed a supplemental objection to defendant's statement, asserting, for the first time, that defendant was not entitled to fees under the RLTA because the underlying dispute fell within a statutory exemption, ORS 90.110(7).[5]

On November 8, 1993, defendant moved the trial court to vacate the scheduled ORCP 68C(4)(c) hearing on the grounds that plaintiffs' objections were untimely under ORCP 68C(4)(b).[6] In particular, defendant asserted that plaintiffs' service of their objections was insufficient as a matter of law, *Murray v. Meyer, supra* n 3, and that his attorney did not actually receive plaintiffs' pleadings until October 21, 1993, more than 14 days after defendant's service of his statement of attorney fees and costs.[7]

---

[4] ORCP 68C(4)(c) provides:

"(c)(i) If objections are filed in accordance with paragraph C(4)(b) of this rule, the court, without a jury, shall hear and determine all issues of law and fact raised by the statement of attorney fees or costs and disbursements and by the objections. The parties shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issue.

"(c)(ii) The court shall deny or award in whole or in part the amounts sought as attorney fees or costs and disbursements. No findings of fact or conclusions of law shall be necessary."

[5] ORS 90.110 provides, in part:

"Unless created to avoid the application of ORS 90.100 to 90.940 the following arrangements are not governed by ORS 90.100 to 90.940:

"* * * * *

"(7) Occupancy under a rental agreement covering premises used by the occupant primarily for agricultural purposes."

[6] ORCP 68C(4)(b) provides:

"A party may object to a statement seeking attorney fees or costs and disbursements or any part thereof by written objections to the statement. The objections shall be served within 14 days after service on the objecting party of a copy of the statement. The objections shall be specific and may be founded in law or in fact and shall be deemed controverted without further pleading. Statements and objections may be amended in accordance with Rule 23."

[7] In his supporting affidavit, defendant's counsel stated that he first became aware of plaintiffs' objections on October 19, 1993, when he received notice from the

On December 28, 1993, after a hearing on plaintiffs' objections, the trial court concluded that defendant was not entitled to fees because "the dealings between Plaintiffs and Defendant constituted a commercial transaction exempt from the [RLTA]." Defendant appealed from the ensuing supplemental judgment.

■ We agree with defendant that the trial court erred in denying any recovery of fees. Defendant's entitlement to fees was adjudicated in the original judgment of September 30, 1993.[8] That judgment was final as to entitlement to attorney fees at the time the trial court considered plaintiffs' objections.

■ We also agree with defendant that plaintiffs' objections to the reasonableness of defendant's requested fees were untimely and, thus, were not properly before the trial court. In *Murray v. Meyer, supra* n 3, we held that courthouse "service" of the sort that occurred here did not comply with ORCP 9B. Moreover, it is uncontroverted that defense counsel did not actually receive plaintiffs' objections within the 14-day period prescribed in ORCP 68C(4)(b); consequently, the insufficiency of service did "affect the substantial rights of the adverse party." ORCP 12B.

■ We do not, however, agree that the untimeliness of plaintiffs' objections precludes the trial court from exercising independent discretion in assessing the reasonableness of defendant's requested fees. ORCP 68C(4)(d) provides:

> "*No timely objections.* If objections are not timely filed the court *may* award attorney fees or costs and disbursements sought in the statement." (Emphasis supplied.)

That section, which was added to ORCP 68C in 1990, replaced earlier language by which the trial court was *required*, in the absence of a timely objection, to allow the full amount of fees

---

court informing him of the scheduled hearing on those objections. Plaintiffs did not dispute those averments and did not adduce any other evidence that defense counsel had actual notice of their objections within the statutory period.

[8] Because plaintiffs dismissed their appeal of the September 30, 1993, judgment and did not brief or argue this appeal, we do not consider the propriety of the September 30 judgment's adjudication of fee entitlement when other issues regarding attorney fees had not yet been determined. *See* ORCP 68C(5)(a) and (b).

requested. *See Walker v. Grote,* 106 Or App 214, 806 P2d 725 (1991) (construing former version of ORCP 68C(4)). As the Council on Court Procedures Staff Comment to the 1990 amendments explained:

"Under the new ORCP 68C(4)(d), the court may enter the amount claimed in the absence of objection but is not required to do so. The court would thus have discretion to pass on the reasonableness of the amounts claimed, even if there is no objection."

Here, the trial court never considered the reasonableness of defendant's requested fees. The supplemental judgment was premised, albeit erroneously, on lack of entitlement, thereby obviating any consideration of reasonableness. We remand to enable the trial court to exercise its discretion under ORCP 68C(4)(d).

Reversed and remanded.