Argued and submitted October 8, affirmed November 19, 1997

The CIT GROUP/EQUIPMENT FINANCING, INC.,
an Arizonia corporation,
*Appellant,*

*v.*

Donovan E. KENDALL,
dba Kendall Timber Cutting,
*Respondent.*

(95-CV-0500-AB; CA A96971)

948 P2d 332

Joel S. DeVore argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C.

Andrew C. Brandsness argued the cause for respondent. With him on the brief was Brandsness, Brandsness & Rudd, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

In this case, plaintiff prevailed after pleading its entitlement to recover attorney fees pursuant to a contract between the parties. The trial court entered a judgment in plaintiff's favor awarding costs and attorney fees pursuant to ORCP 68 C. Plaintiff filed its attorney fee statement within the time allowed in ORCP 68 C(4)(a)[1] but failed to file proof that the fee statement had been served on defendant. It is undisputed that plaintiff did not, in fact, serve the fee statement on defendant in accordance with the provisions of ORCP 68 C(4). Defendant was not served with the fee statement for approximately four months. Defendant objected to the fees on the ground that the statement had not been served in accordance with ORCP 68 C(4). The trial court denied plaintiff's petition for attorney fees. We affirm.

On appeal, plaintiff argues that its failure to comply with the service provisions of ORCP 68 C(4) should not deprive it of its attorney fees because, under ORCP 12 B, a "court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." Plaintiff contends that, because defendant has not demonstrated prejudice, its error in failing to comply with ORCP 68 C(4) should be disregarded.

This court has addressed that issue in *Frederickson v. Ditmore*, 132 Or App 330, 334, 888 P2d 108 (1995): "[D]efense counsel did not actually receive plaintiffs' objections within the 14-day period prescribed in ORCP 68 C(4)(b);

---

[1] ORCP 68 C (4) provides, in part:

"(a) A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to ORCP 67:

"(i) File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with Rule 9 C; and

"(ii) Serve, in accordance with Rule 9 B, a copy of the statement on all parties who are not in default for failure to appear.

"(b) A party may object to a statement seeking attorney fees or costs and disbursements or any part thereof by written objections to the statement. The objections shall be served within 14 days after service on the objecting party of a copy of the statement."

consequently, the insufficiency of service did 'affect the substantial rights of the adverse party.' ORCP 12 B." The present case is virtually indistinguishable from *Frederickson*, although this case involves service of the fee statement itself rather than service of objections to a fee statement. We write only to elaborate on the reasoning behind *Frederickson* and our other cases that have reached similar conclusions concerning the applicability of ORCP 12 B in circumstances such as these.

Plaintiff relies on our decisions in *Gier's Liquor v. Assn. of Unit Owners,* 124 Or App 365, 862 P2d 560 (1993), and *Murray v. Meyer*, 81 Or App 432, 725 P2d 947 (1986), for the proposition that ORCP 12 B may excuse failure to carry out service in accordance with ORCP 68 C(4). In *Gier's Liquor*, the party against whom attorney fees were awarded argued that the prevailing party had not technically complied with ORCP 68 C(4), because it served its fee statement before the judgment was entered. We declined to address whether ORCP 68 C(4) required the fee statement to be served only after a judgment had been entered, because the adverse party had actual notice of the fee statement in time to file a timely objection to it, and thus ORCP 12 B excused any potential defect in the service. *Gier's Liquor*, 124 Or App at 371. In *Murray*, the prevailing party served his cost bill on opposing counsel in a manner that did not comply with ORCP 9 B, as required by ORCP 68 C(4). We held that the technical irregularity in service was excusable under ORCP 12 B, because the adverse party actually received the cost bill within the time period set forth in ORCP 68 C(4). *Murray*, 81 Or App at 435-36. The significant difference between those cases and this case is that, in this case, the adverse party did not receive *actual* notice of the fee statement within the time provided in ORCP 68 C(4).[2] In *Gier's Liquor* and *Murray*, the adverse party received the bill or statement in time to file its objections in accordance with ORCP 68 C(4)(b), within 14 days of the technically deficient service on that party. Here, by contrast, the fee statement

---

[2] Service of summons is treated somewhat differently. *See Murphy v. Price*, 131 Or App 693, 699, 886 P2d 1047 (1994) (right to receive adequate service of summons as defined by ORCP 7 and its case law is a "substantial right" for purposes of ORCP 12 B; actual notice was insufficient to excuse noncompliance with ORCP 7).

was filed with the court, but the adverse party did not receive actual notice for many months.

ORCP 68 C(4)(d) provides: "If objections are not timely filed the court may award attorney fees or costs and disbursements sought in the statement." Because no objections were filed within 14 days of the fee statement being filed with the court, the court could have proceeded to award attorney fees. Thus, defendant did not have an opportunity to object to the fees before the trial court had an opportunity to award the fees. Because defendant was deprived of the opportunity to object to the fees within 14 days of the fee statement being filed with the court, defendant's rights were substantially affected. ORCP 12 B does not excuse failure to serve an adverse party under these circumstances.

Affirmed.