Argued and submitted September 22, 1997, affirmed April 1, petition for review denied June 2, 1998 (327 Or 192)

STATE OF OREGON ex rel
Mary Wendy ROBERTS,
Commissioner of the Oregon
Bureau of Labor and Industries,
*Respondent,*

*v.*

BOMARETO ENT., INC.,
an Oregon corporation,
abn Jiggles,
and Hofbrau Enterprises, Inc.,
an Oregon corporation,
abn The Great Alaska Bush Co.,
*Appellants.*

BOMARETO ENT., INC.,
an Oregon corporation,
abn Jiggles,
and Hofbrau Enterprises, Inc.,
an Oregon corporation,
abn The Great Alaska Bush Co.,
*Third-Party Plaintiffs,*

*v.*

Kimberly BURNETT
and Laverl Backer,
*Third-Party Defendants.*

(16-94-07469; CA A90765)

956 P2d 254

Terence J. Hammons argued the cause for appellants. With him on the briefs was Hammons, Mills & Spickerman.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Deits, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

## WARREN, P. J.

Plaintiff, Oregon Bureau of Labor and Industries (BOLI), brought this action against defendants, Bomareto Enterprises, Inc. and Hofbrau Enterprises, Inc., seeking unpaid minimum wages, penalty wages, declaratory relief and injunctive relief on behalf of dancers who performed at defendants' places of business. At the completion of plaintiff's case, the trial court denied defendants' motion for a directed verdict, which asserted that the evidence did not show that the dancers were "employees" subject to minimum wage protection. *See* ORS 653.010 to 653.070. Plaintiff prevailed at trial and, after judgment, plaintiff served a cost bill on defendants. However, plaintiff failed to serve the third-party defendants as required by ORCP 68 C(4)(a)(ii).[1] The trial court denied defendants' objection to the cost bill on this ground. The first question is whether the trial court properly denied defendants' motion for a directed verdict. The second question is whether the trial court erred in assessing costs against defendants over their objection.

Defendants operate various establishments that feature exotic dancing. The dancers were not paid by defendants but earned compensation directly from customers in the form of tips. The dancers were required to pay defendants a "house fee" whenever they performed at the establishments. After trial to the court, the trial judge ruled that the dancers were employed by defendants and subject to the minimum wage laws.

■   Whether a person is an "employee" within the meaning of a statute is a question of law, as long as the underlying historical facts are not in dispute.[2] *Thompson v. Bolliger, Hampton & Tarlow*, 118 Or App 700, 703, 849 P2d 526, *rev den* 317 Or 163 (1993). Here, the facts are undisputed.

---

[1] Defendants brought third-party claims against two dancers. Before trial, however, defendants moved to dismiss those claims and the third-party defendants did not participate in the trial. The order of dismissal was not entered until 13 days after the completion of trial.

[2] The trial court found that the dancers were not independent contractors. That finding is not challenged on appeal and, for the purpose of this opinion, we assume that they were not.

■     Defendants' argument that the dancers are not employees for purposes of the minimum wage laws depends entirely on their contention that, because ORS chapter 653, which governs minimum wage claims, contains no definition of "employee," the definition of "employee" found in ORS chapter 652, which governs general employment conditions, must be imported into the minimum wage statutes. That definition of "employee," found in ORS 652.310, provides, in part:

> "As used in ORS 652.310 to 652.414, unless the context requires otherwise:
>
> "* * * * *
>
> "(2) 'Employee' means any individual who otherwise than as a copartner of the employer or as an independent contractor renders personal services wholly or partly in this state to an employer *who pays or agrees to pay* such individual at a fixed rate, based on the time spent in the performance of such services or on the number of operations accomplished, or quantity produced or handled." (Emphasis supplied.)

Defendants argue that, under that definition, because they did not pay or agree to pay the dancers, they were not employees entitled to minimum wage.

Defendants' argument is flawed for two reasons. First, by its own language, the ORS chapter 652 definition is limited to its use in ORS 652.310 to ORS 652.405. Second, by contextual implication, ORS chapter 653 does contain its own definition of "employee." ORS 653.010 defines the verb "employ" as "includ[ing] to suffer or permit to work" and "employer" as "any person who employs another person." ORS 653.010(3) and (4). Although employee is not expressly defined in ORS chapter 653, by contextual implication, an employee is a person who is "suffer[ed] or permit[ed] to work."[3] Thus, for purposes of the minimum wage laws, the

---

[3] This implication is supported by the fact that the minimum wage provisions and definitions in ORS chapter 653 are patterned after the Fair Labor Standards Act (FLSA), 29 USC § 203(e)(1), under which the term "employee" is defined as "any individual employed by an employer." *State ex rel Roberts v. Acropolis McLoughlin, Inc.*, 149 Or App 220, 223, 942 P2d 829, *modified by* 150 Or App 180, 945 P2d 647 (1997).

key question is whether a person is "employed" pursuant to ORS 653.010.[4] *See Chard v. Beauty-N-Beast Salon*, 148 Or App 623, 627, 941 P2d 611 (1997). Because defendants "suffer[ed] or permit[ed]" the dancers to work, and there is no assertion that they were independent contractors or otherwise excluded from the coverage of the minimum wage statutes, *see* ORS 653.020, the trial court did not err in holding that the dancers were employed by defendants and protected by minimum wage laws.

■     The second issue is whether the trial court erred in awarding attorney fees and costs to plaintiff. Defendants objected to the cost bill on the ground that plaintiff failed to serve the cost bill on third-party defendants in violation of ORCP 68 C, which provides, in part:

> "(4)(a) A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to Rule 67:
>
> "* * * * *
>
> "(4)(a)(ii) Serve, in accordance with Rule 9 B, a copy of the statement on all parties who are not in default for failure to appear."

It is undisputed that plaintiff failed to serve the third-party defendants and that the third-party defendants were not in default for failure to appear. However, ORCP 12 B provides:

> "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

---

[4] Plaintiff brought this action asserting unpaid minimum wages under ORS 653.025, which provides, in part:

"[F]or each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than:
"* * * * *
"(3) For calendar years after December 31, 1990, $4.75."

We have held that to prevail on a claim under that statute, a plaintiff must prove two elements: first, the plaintiff was employed by the defendant; and second, the plaintiff performed work for which he or she was not compensated at the applicable minimum wage rate. *Chard v. Beauty-N-Beast Salon*, 148 Or App 623, 627, 941 P2d 611 (1997).

ORCP 12 B provides an "explicit directive from the legislature to disregard errors and defects which do not affect the substantial rights of the adverse parties." *Murray v. Meyer*, 81 Or App 432, 435-36, 725 P2d 947, *rev den* 302 Or 342 (1986). In *Murray*, the plaintiff served the defendant with a cost bill in a manner that clearly did not comply with the Oregon Rules of Civil Procedure. *Id*. at 435. We said:

> "Defendants make no assertion whatsoever that they were in any way prejudiced by the method of service utilized. They simply argue that the letter of ORCP 9 B was not followed and that the Oregon Rules of Civil Procedure must either be complied with, as written, or they will become a nullity.' " *Id*.

We disagreed with the defendant's argument in *Murray*, and we disagree with defendants' similar argument here. Without evidence of infringing on defendants' substantial rights or evidence of prejudice, ORCP 12 B requires us to disregard plaintiff's technical flaw in service of the cost bill on the third-party defendants.

Affirmed.