Argued and submitted December 3, 1999, reversed and remanded May 24, 2000

In the Matter of the Marriage of

Phillip Arnold GINTHER,
*Appellant,*
*and*

Marjorie Kay GINTHER,
*Respondent.*

(95C-36026; CA A102853)

1 P3d 1062

Clayton C. Patrick argued the cause and filed the brief for appellant.

James L. McGehee argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

**LINDER, J.**

In this dissolution proceeding, husband appeals, contending that the trial court erred in awarding wife her attorney fees. Husband's contention is based on his claim that wife did not timely file or serve her statement seeking attorney fees, as required by ORCP 68 C(4)(a). The record reveals that wife did not timely file her attorney fee statement. On this record, however, we cannot determine whether wife timely served her attorney fee statement or whether husband was prejudiced by the late filing, and the late service, if any, of that statement. Consequently, we reverse and remand.

The dissolution judgment resolved issues relating to custody of the parties' minor children, child and spousal support, and division of the marital assets. None of those provisions is challenged in this appeal. The judgment also provided that wife was "awarded her attorney fees incurred in this matter in an amount to be determined by an affidavit to be submitted by" her attorney. The judgment further stated that "[t]he withdrawal of Thomas E. Knapp as attorney of record for [husband] is allowed and the clerk of court may enter the withdrawal of record." The judgment was entered on May 4, 1998.

On May 15, 1998, wife's attorney served a copy of the attorney fee affidavit by mailing a copy to Knapp, the attorney whose withdrawal as husband's attorney was allowed in the judgment. Although the affidavit was served on May 15, it was not filed in the trial court until May 25. Husband did not object to the statement seeking attorney fees, and on June 17, a judgment was entered in the trial court, awarding attorney fees in the amount sought by wife. Husband appeals from that judgment.

Other than the provision in the dissolution judgment noting that attorney Knapp's request to withdraw "is allowed" and that the trial court clerk "may enter the withdrawal of record," the trial court file does not contain any document concerning Knapp's withdrawal or any direct indication of whether, after his withdrawal, husband was represented by another attorney or was instead proceeding

*pro se*. The trial court case register indicates that the court clerk sent a notice of entry of judgment to Knapp, as husband's attorney. After the entry of the dissolution judgment, the trial court clerk sent a notice of entry of a supplemental judgment, concerning filing and service fees and other costs, to the attorney who earlier had filed the dissolution petition on husband's behalf. The court clerk also mailed a notice of entry of the attorney fee judgment to that attorney. A third attorney filed husband's notice of appeal.

Although none of the three judgments was sent directly to him, husband does not contend that he failed to receive notice of the entry of any of those judgments. He argues, however, that he never was properly served with the attorney fee statement and that he did not have actual notice of it until after entry of the supplemental judgment awarding fees. He insists that wife should have served the attorney fee statement by sending a copy to him because he was then unrepresented. Husband contends that, because he was not properly served with and had no notice of the attorney fee statement, he had no opportunity to object to it. He also notes that the attorney fee statement was not timely filed with the trial court.

Wife "concedes" that "procedural errors" occurred in the service and filing of her attorney fee statement, but she does not identify the precise errors that she admits were committed. She suggests that husband "probably" never received actual notice of the attorney fee affidavit, but she cites nothing in the record to support her belief. Wife argues that the appropriate remedy here is not to vacate the attorney fee award but instead to remand the matter to the trial court to allow husband to present whatever objections he may have to her attorney fee statement. We agree that a remand is warranted, although on somewhat different terms from those that wife suggests.

ORCP 68 C(4)(a) provides that:

"A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to Rule 67:

"C(4)(a)(i)    File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with Rule 9 C; and

"C(4)(a)(ii)    Serve, in accordance with Rule 9 B, a copy of the statement on all parties who are not in default for failure to appear."

ORCP 68 C(4)(b) further provides that a party may object to a statement seeking attorney fees or costs and disbursements "by written objections to the statement." The objections "shall be served within 14 days after service on the objecting party of a copy of the statement." If objections are "filed" in accordance with the rule, the trial court "shall hear and determine all issues of law and fact raised by the statement of attorney fees or costs and disbursements and by the objections." ORCP 68 C(4)(c)(i). Even if no objections are filed to an attorney fee statement, or if objections are filed but are not timely, the trial court still may determine the reasonableness of the fees requested. ORCP 68 C(4)(d); *Frederickson v. Ditmore*, 132 Or App 330, 334-35, 888 P2d 108 (1995).

Our case law under ORCP 68 C does not necessarily steer a straight course. On the one hand, we have held that, "[a]lthough on its face ORCP 68 C is stringent, its mandate is tempered by ORCP 12 B, which directs the court to 'disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.'" *Lumbermen's v. Dakota Ventures*, 157 Or App 370, 375, 971 P2d 430 (1998). *Accord Little Whale Cove Homeowners Assoc. v. Harmon*, 162 Or App 332, 342, 986 P2d 616 (1999). Following that principle, we have, in several contexts, looked to actual prejudice as a touchstone.[1] On the other hand, in other

---

[1] *See Mulier v. Johnson*, 163 Or App 42, 47-49, 986 P2d 742 (1999), *rev allowed* 330 Or 252 (2000) (alleging the right to attorney fees in summary judgment memorandum, rather than in motion, violates ORCP 68 C(2)(b) but error is excused by ORCP 12 B); *Little Whale Cove Homeowners Assoc.*, 162 Or App at 342 (alleging basis for fees in prayer does not comply with strict terms of ORCP 68 C(2)(a), but error does not affect substantial right of adverse party); *State ex rel Roberts v. Bomareto Ent., Inc.*, 153 Or App 183, 188-89, 956 P2d 254, *rev den* 327 Or 192 (1998) (excusing failure to serve third-party defendants, who did not appear at trial and against whom fees were not sought); *Gier's Liquor v. Assn. of Unit Owners*, 124 Or App 365, 370-71, 862 P2d 560 (1993) (serving attorney fee statement before, rather than after, entry of judgment does not affect substantial right of adverse

contexts, we have largely presumed prejudice from the procedural defect itself.[2] We conclude, however, that this case does not present us with an opportunity to clarify the principles that should control in this area.

From the record before us, we cannot be certain that serving the attorney fee statement on husband's trial attorney, rather than on husband himself, amounted to improper service, as husband claims. ORS 9.390 provides that, when an attorney has been permitted to withdraw by court order, "written notice of the change *and* of the substitution of a new attorney, *or* of the appearance of the party in person, shall be given to the adverse party." (Emphasis added.) Until such notice is given, "the adverse party is bound to recognize the former attorney." *Id.*[3] The dissolution judgment in this case states that the attorney "is allowed" to withdraw, but then provides that "the clerk of court may enter the withdrawal of record." Aside from the judgment itself, nothing further in the trial court file serves to "enter the withdrawal of record." Nor does the judgment itself indicate in any way that a new attorney is substituted or that husband will be appearing *pro se*, thus providing the notice required by ORS 9.390. Indeed, the trial court clerk sent a notice of entry of the dissolution judgment to husband's trial attorney, not to husband or to any new attorney. The clerk similarly sent notices with

---

party); *Murray v. Meyer*, 81 Or App 432, 434-36, 725 P2d 947, *rev den* 302 Or 342 (1986) (serving attorney fee statement by leaving it in opposing attorney's file at local courthouse does not comply with ORCP 68 C(4)(a)(i), but error was not fatal because opposing attorney did not claim that he had not "actually receive[d] the cost bill within the time allowed by statute").

[2] *See CIT Group v. Kendall*, 151 Or App 231, 235, 948 P2d 332 (1997) (where attorney fee statement was not timely filed, opposing party was prejudiced because it was deprived of opportunity to object within 14 days); *Frederickson*, 132 Or App at 334 (where counsel did not actually receive plaintiffs' objections to attorney fee statement within the 14-day period, insufficiency of service necessarily affected the substantial rights of the adverse party).

[3] *See also* UTCR 3.140, which implements ORS 9.390. The rule provides that an application to resign pursuant to the statute must contain, among other information, the name, address, and telephone number of the party and of the new attorney, if one is being substituted. UTCR 3.140(1). The notice of change or withdrawal of attorney "must be promptly filed." *Id.* If the attorney is employed in an already pending case, that attorney shall be deemed to be the attorney-of-record unless that attorney otherwise notifies the court. UTCR 3.140(3).

respect to two subsequent judgments, including the judgment for wife's attorney fees, to the attorney who had represented husband earlier in the dissolution proceeding. Because nothing in the trial court file indicates that, when wife served her attorney fee statement on husband's trial attorney, she had been given notice either of the substitution of a new attorney or of husband's appearance *pro se*, we cannot tell whether wife, in fact, improperly served her attorney fee statement.[4]

Reversed and remanded.

---

[1] In our recent decision in *Bridge and Bridge*, 166 Or App 458, 461-62, 998 P2d 780 (2000), we concluded that service of a notice of appeal on husband's trial counsel was inadequate where the judgment in the case discharged that counsel. In that opinion, we did not discuss the requirements of ORS 9.320, nor did we describe the judgment or other filings in sufficient detail to determine whether the wife received the notice required by the statute. *Bridge*, therefore, is not to the contrary.