Argued and submitted June 9, 2020, appeal dismissed April 7, 2021

In the Matter of the Marriage of

Sudeshna BANERJEE,
*Petitioner-Appellant,*
*and*

Joseph Anthony FIORILLO,
*Respondent-Respondent.*

Lane County Circuit Court
18DR16707; A170802

485 P3d 920

Mother appeals a judgment of dissolution of marriage, challenging the trial court's custody award and parenting time plan. Father moves to dismiss mother's appeal for lack of jurisdiction. *Held*: Mother's service of the notice of appeal on father's trial attorney was defective because, at the time of service, the attorney had been discharged as father's attorney of record. Consequently, the Court of Appeals lacked jurisdiction to consider the appeal.

Appeal dismissed.

R. Curtis Conover, Judge.

Margaret H. Leek Leiberan argued the cause for appellant. Also on the briefs was Jensen & Leiberan.

George W. Kelly argued the cause and filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Appeal dismissed.

**DeHOOG, J.**

Mother appeals a judgment of dissolution of marriage, challenging the trial court's award of custody and imposition of a parenting-time plan.[1] The court awarded father custody of the parties' son, who was 8 months old at the time of trial, and ordered a parenting-time plan that gave each parent roughly equal time with him. Mother raises five assignments of error on appeal, contending that the trial court erred in (1) failing to give mother the statutory preference for the child's primary caregiver under ORS 107.137(1)(e); (2) finding that the custody factor listed in ORS 107.137(1)(f)—namely, each parent's willingness to encourage the child's relationship with the other parent— favored father rather than mother; (3) concluding that it was in the child's best interests that father have custody; (4) awarding father custody given the evidence favoring mother's custody; and (5) adopting a parenting-time plan tailored around father's work schedule and not taking into consideration mother's schedule.

Father has moved to dismiss mother's appeal on the ground that, because the notice of appeal was not properly served within 30 days of the entry of the judgment being appealed, we lack jurisdiction.[2] Relying on *Bridge and Bridge*, 166 Or App 458, 998 P2d 780, *rev den*, 330 Or 553 (2000), father contends that mother's service of the notice of appeal on father's trial attorney, Marc Perrin, was "jurisdictionally defective" because, according to the terms of the judgment, Perrin had withdrawn as father's attorney at that time. And, father observes, there is no evidence that mother served the notice of appeal on father himself within 30 days after entry of the judgment. As explained below, we agree with father that we lack jurisdiction to consider mother's appeal, and we therefore dismiss it.

The facts pertinent to the jurisdictional question are few and undisputed. Paragraph 11 of the dissolution judgment orders:

---

[1] Although this is an appeal of a dissolution judgment, we refer to the parties as father and mother, rather than husband and wife, because the issues on appeal relate solely to custody and parenting time.

[2] The Chief Judge deferred resolution of father's motion to the merits panel.

> "**<u>Withdrawal of Attorneys</u>** - That Matthew D. Longtin, attorney of record for petitioner [mother] and Marc D. Perrin, attorney of record for respondent [father], shall be and hereby are allowed to withdraw as attorney for [mother] and [father] respectively, *and the clerk of the court is hereby ordered to enter said withdrawals of record.*"

(Boldface and underscoring in original; italics added.) In the money award section of the judgment, Perrin is listed as attorney for father (in one of the money awards, father is the judgment creditor; in the other, he is the judgment debtor).

According to the trial court register, the judgment was entered on April 23, 2019, at 1:28 p.m., and, at the same time, notice of entry of judgment issued. A short time later, mother filed her notice of appeal. Her attorney certified that she had served the notice of appeal on Perrin the same day by "United States Postal Service, certified or registered mail, return receipt requested."[3] Perrin's office subsequently signed the certified mail return receipt.

Also on April 23, Perrin learned that the judgment had been entered and received an email copy of mother's notice of appeal, which presumably had been generated by the court's e-filing system. The next morning, April 24, Perrin delivered a letter to mother's trial attorney, notifying mother that father would be exercising parenting time consistent with the entered judgment, and referring to father, in one instance, as "my client."

With those undisputed aspects of the record in mind, it is helpful to review what else is not in dispute. First, there is no dispute that the judgment not only provided for the withdrawal of Perrin as father's attorney of record, but also that it (necessarily) was entered before mother filed her notice of appeal. *See* ORS 18.082(1)(c) (upon entry, judgment "[m]ay be appealed in the manner provided by law"); *Gillis v. Gillis*, 304 Or App 646, 647, 468 P3d 495 (2020), *rev den*, 367 Or 496 (2021) (judgment generally becomes appealable

---

[3] In the notice of appeal, mother's attorney indicated that, in addition to a copy of the judgment, she had attached "any other materials pertinent to determining appellate jurisdiction." The attached materials included, as relevant here, a copy of the court's electronic register of actions, dated April 23, 2019, which listed, in place of father's attorney, "Pro Se," with the stricken-out listing of Perrin's name and phone number appearing next to it.

when it is entered in the trial court register). Second, there is no dispute that mother timely filed notice of appeal of the judgment and attempted to serve that notice on father by mailing a copy of it to Perrin. And, third, there is no dispute that mother did not serve a copy of the notice on father himself. Accordingly, the sole question before us is whether mother's service of the notice of appeal on Perrin was sufficient to establish jurisdiction, notwithstanding the provision in the judgment ordering Perrin's withdrawal as father's attorney of record.

"The *** Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255." ORS 19.270(1). Certain requirements of ORS 19.240, ORS 19.250, and ORS 19.255 "are jurisdictional and may not be waived or extended," including, "[s]ervice of the notice of appeal on all parties identified in the notice of appeal as adverse parties ***, as provided in ORS 19.240(2)(a), within the time limits prescribed by ORS 19.255." ORS 19.270(2)(a). The notice of appeal must be served "[o]n all parties who have appeared in the action, suit or proceeding," ORS 19.240(2)(a), and service generally must be completed within 30 days of the entry of the judgment in the register, ORS 19.255(1). Service of a notice of appeal may be accomplished by mail, ORS 19.260(2)(a), in which case the date of service of the notice is the date of mailing, ORS 19.260(2)(b).

Additionally, when a provision of ORS chapter 19 requires that a document be served and filed, "the document shall be served in the manner provided in ORCP 9 B on all other parties who have appeared in the action, suit or proceeding ***, and shall be filed, with proof of service indorsed thereon, with the trial court administrator." ORS 19.500. ORCP 9 B, in turn, provides that, when a party is represented by an attorney, "the service shall be made upon the attorney unless otherwise ordered by the court."[4] Service

---

[4] ORCP 9 B provides, subject to exceptions not applicable here:

"[W]henever under these rules service is required or permitted to be made on a party, and that party is represented by an attorney, the service shall be made on the attorney unless otherwise ordered by the court. Service on the attorney or on a party shall be made by delivering a copy to that attorney or party; by mailing it to the attorney's or party's last known address; by e-mail

on an attorney or a party may be made by mail (among other methods), and service by mail is complete on mailing. *Id*.

Compliance with ORCP 9 B is a prerequisite for appellate court jurisdiction. *See, e.g.*, *Heikkila v. Heikkila*, 355 Or 753, 756-58, 33 P3d 275 (2014) (adhering to earlier cases reading ORS 19.270 and ORS 19.500 together to determine service requirements for purposes of conferring jurisdiction); *Ann Sacks Tile and Stone, Inc. v. Dept. of Rev.*, 352 Or 380, 386, 287 P3d 1062 (2012) (rejecting proposition that, because ORS 19.270(2)(a) does not cross reference ORS 19.260 or ORS 19.500, compliance with ORCP 9 B is not jurisdictional). As appellant, mother has the burden of alleging and proving service. *Bridge*, 166 Or App at 461.

In this case, mother contends that she properly served her notice of appeal by timely mailing a copy of it to Perrin, who, she argues, was father's attorney at the time. According to mother, "there is sufficient evidence that Perrin continued to be [father's] attorney without interruption before and after the Notice of Appeal was filed." Mother points to the money awards listing Perrin as attorney for father; Perrin's endorsement of the return receipt and his letter referring to father as his client, which he sent the day after mother filed her notice of appeal; and the declaration of mother's own attorney stating that, both before and after the notice of appeal was filed, he continued to discuss and negotiate the case with Perrin, who never indicated that he did not have authority to represent father.[5] In mother's view, an inference can be drawn from that evidence that Perrin was father's attorney when she served the notice of appeal. And, as she also points out, because of that representation, it would have been improper for her to serve father instead. *See* ORCP 9 B.

---

as provided in section G of this rule; by electronic service as provided in section H of this rule; or, if the party is represented by an attorney, by facsimile communication as provided in section F of this rule. \*\*\* Service by mail is complete on mailing. Service of any notice or other document to bring a party into contempt may be only on that party personally."

[5] For his part, Perrin filed an affidavit declaring that, notwithstanding his letter of April 24, "[o]n April 23, which is the date that the notice of appeal was filed and the date at which service was attempted, [he] most definitely was not [father's] attorney." (Boldface and italics omitted.)

    We are not persuaded by mother's argument that the evidence shows Perrin to have been father's attorney at the time of service. First, mother's argument fails to account for the language of the judgment expressly ordering Perrin's withdrawal as father's attorney of record. Significantly, this is not a case such as *Ginther and Ginther*, 167 Or App 418, 420, 1 P3d 1062 (2000), where an arguable ambiguity in the judgment prevented us from determining whether service on a party's trial attorney had been improper. There it was unclear whether the judgment had effected a withdrawal of counsel or, instead, had merely authorized counsel to withdraw. *Id*. at 420-21 (noting judgment language that "allowed" counsel to withdraw and provided that the trial court clerk "may" enter the withdrawal of record). Here, in contrast, the judgment unambiguously *requires* the clerk of the court to enter the attorney's withdrawal, and, consistent with that directive, the trial court register reflects that father was thereafter *pro se*.[6] And, that withdrawal was effective immediately upon the clerk's entry of the judgment in the register. *See* ORS 18.082(1)(a) (upon entry of judgment, the judgment "[b]ecomes the exclusive statement of the court's decision in the case and governs the rights and obligations of the parties that are subject to the judgment"); *see also* ORS 18.082(1)(d) (entry of judgment is "official notice of the court's decision").

    Second, mother offers no other reason that the judgment would not have had that effect upon its entry. Mother does not, for example, argue that the judgment provision ordering the clerk to enter the attorney's withdrawal was legally insufficient to terminate the attorney-client relationship in light of ORS 9.380 (change of attorney-client relationship and filing of notice of termination). Nor does she contend that she failed to receive notice of the discharge of father's attorney as provided in ORS 9.390 (written notice

_____

    [6] We also are not persuaded that the judgment is ambiguous as to Perrin's status because the money award in the judgment identifies him as father's attorney. It is likely that the appearance of Perrin's name in connection with the money award was simply a vestige of the fact that he had been father's attorney at trial. In any event, we do not understand—and mother does not explain—how that reference undermines the legal effect of the specific and explicit provision in the judgment ordering the clerk to enter Perrin's withdrawal as father's attorney of record, which the clerk did, before mother attempted to serve Perrin.

of change in or termination of attorney-client relationship). Indeed, mother does not rely on the statutes at all.[7]

As a result of those circumstances, this case is not materially distinguishable from *Bridge*. In *Bridge*, the wife timely filed a notice of appeal of a dissolution judgment, which had been entered on August 10, 1998. Wife's counsel then certified that he had served a copy of the notice of appeal on August 14 by mailing it to the husband's trial attorney; like mother's attorney in this case, he did not serve a copy of the notice on the husband himself. 166 Or App at 461, 462. And, also as in this case, the dissolution judgment in *Bridge* expressly discharged the husband's trial attorney as his attorney of record. *Id.* at 461. Accordingly, we held that the wife had failed to prove sufficient service on the husband under ORS 19.240(2) and ORCP 9 B, and we dismissed the appeal for lack of jurisdiction. *Id.* at 461-62.

Significantly, in doing so, we rejected the wife's argument—which was similar to mother's argument here—that the trial attorney's subsequent action on behalf of the husband (specifically, the filing of a cross-appeal two weeks after receiving the notice of appeal) was evidence that the trial attorney represented the husband at the time of service. As we explained, "the fact that the trial attorney represented husband on August 26 does not establish that he represented him on August 14 in light of the *established fact* that he was not husband's attorney of record as of August 10." *Id.* at 462 (emphasis added). The same is true here: There is no evidence that Perrin represented father on April 23 when mother served the notice of appeal, given that he had been discharged as father's attorney of record upon entry of the judgment.[8] Although, as a factual matter, a break of

---

[7] As we have often cautioned, we do not make the parties' arguments for them. *See Beall Transport Equipment Co. v. Southern Pacific,* 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

[8] Mother does not argue that attorney representation *for purposes of service under ORCP 9 B* means something different than "attorney of record." Nor are we aware of any reason why that would be the case. *See Black's Law Dictionary* 159 (11th ed 2019) (defining "attorney of record" to mean "[t]he lawyer who appears for a party in a lawsuit and who is entitled to receive, on the party's behalf, all pleadings and other formal documents from the court and from other parties").

less than 24 hours in Perrin's representation of father is far shorter than the break of as long as two weeks that was present in *Bridge*, mother has not offered any persuasive argument as to why that factual distinction has legal significance here. Similarly, we do not view it as legally significant that Perrin may have again been father's attorney by the time that he *received* the notice of appeal in the mail, because, as a matter of law, *service* of the notice of appeal had occurred before then. *See* ORS 19.260(2)(b) (date of service is the date of mailing); ORCP 9 B (service by mail is complete on mailing).

As explained above, 310 Or App at 450, it is well established that improper service deprives us of jurisdiction to hear an appeal. *See, e.g.*, *Heikkila*, 355 Or at 758 (holding that service of notice of appeal on a party, rather than the party's attorney as required under ORCP 9 B when a party is represented, deprived Court of Appeals of jurisdiction); *McCall v. Kulongoski*, 339 Or 186, 195-96, 118 P3d 256 (2005) (Court of Appeals properly dismissed state's appeal for lack of jurisdiction where state failed to mail notice of appeal to "last known address" of plaintiffs' lawyers, as required by ORCP 9 B); *Bridge*, 166 Or App at 461 ("The merits of an appeal cannot be considered without the proper service of the notice of appeal because service of the notice is jurisdictional."). That is what occurred here. Accordingly, we dismiss mother's appeal.

Appeal dismissed.