306 March 5, 2025 No. 172

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Lauren D. TOWNSEND,
*Petitioner-Appellant,*
*and*

Matthew A. TOWNSEND,
*Respondent-Respondent.*

Deschutes County Circuit Court
22DR09977; A185411

Alicia N. Sykora, Judge.

On appellant's petition for reconsideration filed October 31, 2024.

Argued and submitted January 28, 2025.

Janet M. Schroer argued the cause for appellant. Also on the petition was Hart Wagner LLP.

Andrew Newsom argued the cause for respondent.

Before Egan, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

LAGESEN, C. J.

Reconsideration allowed; dismissal of appeal vacated; appeal reinstated; the transcript is due on or before 30 days from the filed date of this decision.

**LAGESEN, C. J.**

When does a trial attorney remain the "attorney for the adverse party" for purposes of receiving service of a notice of appeal? We conclude that an attorney remains an attorney for the adverse party for purposes of service of the notice of appeal, unless, prior to the service of the notice of appeal, written notice under ORS 9.390 that the attorney has withdrawn is received by the party serving the notice of appeal. For that reason, we allow reconsideration of our prior order of dismissal concluding to the contrary, vacate the order of dismissal, and reinstate this appeal.

The following undisputed facts are relevant to the question before us. Wife appeals a general judgment of dissolution. That judgment contained the following provision respecting attorney withdrawal:

> "**Withdrawal of Attorneys.** The withdrawal of [husband's attorney] and [wife's attorney] is allowed effective the date on which this judgment becomes finally effective to terminate the attorney-client relationship."

Following the entry of the judgment, neither attorney gave the other written notice of change or termination under ORS 9.390, and no notice of withdrawal was entered in the trial court register. Instead, as is common in the practice of family law, the parties continued to correspond through their attorneys to effectuate the terms of the dissolution judgment.

Wife timely filed a notice of appeal of the general judgment. She served a copy of the notice on husband's attorney via first class mail and email; she did not serve husband personally. Husband's attorney accepted service and confirmed receipt of the notice in an email to wife's attorney. The attorney stated that he would forward the notice to husband's appellate counsel. The attorney did not state that he no longer represented husband. Instead, he wrote that he would remain involved, albeit passively: "I'll ask you both to copy me on the filings and comms but will not be anything other than an observer."

The week after wife filed the notice of appeal, husband's appellate attorney filed a Notice of Association of

Counsel in the Court of Appeals. The notice stated that husband's appellate attorney and law firm "hereby appear as attorneys for" husband and directed that "future communications" be directed to that attorney. Six days later, after the 30-days allowed to file and serve a notice of appeal, that attorney moved to dismiss wife's appeal for lack of jurisdiction. In that motion, husband contended that, as a result of the withdrawal provision in the general judgment, his relationship with his trial counsel ended upon the trial court's entry of the general judgment. Husband argued that he therefore was unrepresented at the time wife filed the notice of appeal and that wife should have served the notice on husband personally instead of on his attorney.

Wife opposed the motion to dismiss. She argued that husband's trial counsel continued to represent him as of the filing date of the notice of appeal given his work to effectuate the terms of the general judgment. She also argued that, notwithstanding the attorney withdrawal provision in that judgment, husband's trial attorney never filed a notice of withdrawal in the case record. She concluded that, given that husband's attorney did not file that notice, her service of the notice of appeal on that attorney was proper, and that the motion to dismiss should be denied.

Meanwhile, husband's initial attorney continued motion practice in the trial court and continued to communicate with wife's attorney to effectuate the general judgment on behalf of husband.

The Appellate Commissioner granted husband's motion to dismiss. Wife petitioned for reconsideration of the order of dismissal. By order of the Chief Judge, the petition was referred to the Motions Department for oral argument and resolution. Having heard argument on the motion, we allow reconsideration, vacate the order of dismissal, and reinstate the appeal.

To invoke the jurisdiction of the Court of Appeals, a party to a judgment must timely file and serve the notice of appeal on all parties to the case. ORS 19.255(1); ORS 19.240(2)(a). Service of the notice must comply with ORCP 9 B. ORS 19.500. That rule provides that when a "party is

represented by an attorney, the service shall be made on the attorney unless otherwise ordered by the court." ORCP 9 B; ORS 19.250(1)(d) (so noting); *see also* RPC 4.2 (prohibiting attorneys from communicating directly with a party when that party is represented by an attorney). An appellant's failure to comply with ORCP 9 B is a jurisdictional defect. *J. A. H. v. Heikkila*, 355 Or 753, 758, 333 P3d 275 (2014); *Boyd and Boyd*, 333 Or App 69, 71, 552 P3d 106 (2024).

An attorney may, of course, end the attorney-client relationship with a party to a proceeding in several different ways. ORS 9.380. Regardless of whether an attorney has ended the attorney-client relationship, once an attorney represents a party in an action or proceeding, the adverse party is "bound to recognize" the attorney until "written notice of the change or termination [of the attorney-client relationship is] given to the adverse party." ORS 9.390; ORS 9.380(2). In other words, adverse parties in a proceeding must treat a lawyer as the party's lawyer, even if the attorney-client relationship has ended, until the adverse parties receive written notice of that fact. This principle is a longstanding feature of Oregon law. *DeVall v. DeVall*, 57 Or 128, 141-42, 109 P 755 (1910) ("It is the duty of an attorney of record to notify the attorney for the adverse party of his retirement from a cause, and, until he does so, the service of notice upon him is effectual.").

Here, husband's attorney did not provide written notice stating specifically that he no longer represented husband (indeed, the evidence in the record indicates that husband's attorney continued to represent husband in connection with the case). In the absence of that notice, wife was required to recognize him as the attorney for purposes of service. ORS 3.390; *Boyd*, 333 Or App at 72; *see also Wells Fargo Bank, N.A. v. Jasper*, 289 Or App 610, 615 n 3, 411 P3d 388 (2017) (so noting). Accordingly, wife properly served husband's attorney, rather than serving husband personally.

In arguing to the contrary, husband contends that the attorney withdrawal provision in the general judgment served to terminate his attorney's representation of him, requiring wife to serve husband personally. He relies on *Banerjee and Fiorillo*, 310 Or App 446, 485 P3d 920, *rev den*,

368 Or 787 (2021). In that case, we concluded that, as a result of an attorney-withdrawal provision in the general judgment of dissolution, we lacked jurisdiction because the appellant had served the adverse party's lawyer and not the adverse party personally. *Banerjee*, 310 Or App at 447-48. The provision at issue both "allowed" the attorneys for the parties to withdraw and directed the clerk of the court to enter notice of withdrawal into the record. *Id*. at 448. We reasoned that, after the court clerk entered the notice of withdrawal, the attorneys were no longer representing the parties and thus the appellant should have served the notice of appeal on the adverse party directly. *Id*. at 447, 453. In reaching that conclusion, we expressly declined to consider ORS chapter 9 and left open the possibility that it might alter the analysis. *Id*. at 451-52 & n 7.

When ORS 9.390 is taken into account, *Banerjee* does not assist husband. That is because, in *Banerjee*, we were not called upon to address whether the appellant had received notice of the attorney's withdrawal in a manner that comported with ORS 9.390 because the appellant made no argument about notice. *Id*. at 451-52. Rather, our decision rested simply on our factual determination that, at the time that the appellant served the notice of appeal, the attorney on whom the notice of appeal was served was not representing the respondent. *Id*. at 452-53. Had appellant raised the issue whether proper notice of withdrawal was given, the disposition may have been different, as happened in *Boyd*. *See Boyd*, 333 Or App at 71-72 (concluding that appellant's attorney properly served respondent's attorney with the notice of appeal where notice of withdrawal by the respondent's attorney had been mailed to but not yet received by the appellant's attorney at the time the notice of appeal was served).

Beyond that, it is worth noting that this case is distinguishable from *Banerjee* on its facts in another legally significant way. In *Banerjee*, the provision authorizing the attorney to withdraw "unambiguously require[d] the clerk of the court to enter the attorney's withdrawal, and, consistent with that directive, the trial court register reflect[ed] that [the respondent on appeal] was thereafter *pro se*." *Id*. at 451. Here,

by contrast, the provision in the judgment did not direct the clerk to enter any withdrawals into the record, and the register does not evince any withdrawals. For that reason, it is difficult to conclude that the provision in the dissolution judgment addressing withdrawal had the effect of terminating the attorney-client relationship, or even that it was intended to terminate the attorney-client relationship. *See, e.g.*, *Ginther and Ginther*, 167 Or App 418, 423-24, 1 P3d 1062 (2000) (discussing similarly ambiguous provision in judgment).

    To the extent husband argues that the judgment provision addressing withdrawal of attorneys in and of itself provided the written notice required by ORS 9.390, we also are not persuaded. The provision is oddly phrased and, on close inspection, is ambiguous. It states: "The withdrawal of [husband's attorney] and [wife's attorney] is allowed effective the date on which this judgment becomes finally effective to terminate the attorney-client relationship." Reading it prompts the question of how to compute "the date on which this judgment is finally effective to terminate the attorney-client relationship." One way of reading it is that on some future date, the parties' obligations under the judgment would be discharged so as to make the judgment "finally effective to terminate the attorney-client relationship," at which point withdrawal would be permitted. Another way to read it is that withdrawal is permitted on the date that the judgment becomes final, although that would make the phrase "finally effective to terminate the attorney-client relationship" largely superfluous. The ambiguity prevents us from viewing the provision a supplying the notice contemplated by ORS 9.390."[1]

    For these reasons, we conclude that wife properly served husband's attorney with the notice of appeal and,

---

[1] Although we need not and do not resolve the issue, we question whether a provision in a judgment can properly supply the notice contemplated by ORS 9.390. As wife points out, "[a] judgment document must be separate from any other document in the action." ORS 18.038(3). The mention of "any other document" in ORS 18.038(3) prohibits a general judgment from doing anything other than deciding all requests for relief. ORS 18.038(4); ORS 18.005(7) and (8) (defining a "general judgment" and "judgment" as limited to a decision of a court deciding requests for relief). Authorizing attorney withdrawal and providing statutory notice of the withdrawal appears therefore to fall outside the proper scope of a judgment document.

consequently, that we have jurisdiction over this appeal. In our view, this conclusion supports the orderly administration of justice in a manner that comports with longstanding Oregon law, while discouraging gamesmanship, the specter of which hangs over this case.[2]

Reconsideration allowed; dismissal of appeal vacated; appeal reinstated; the transcript is due on or before 30 days from the filed date of this decision.

---

[2] As noted, wife filed and served the notice of appeal in advance of the deadline. Husband's trial attorney received and accepted the notice of appeal, stated that he would forward it to husband's appellate attorney, and stated that he would continue to participate in the case in a passive role. None of husband's attorney's statements would give wife's attorney cause to believe that husband's attorney had withdrawn or that she should serve husband personally, rather than one of the lawyers she had been told were representing him. The notice of association of counsel identifying husband's appellate counsel only served to reinforce the narrative that husband was represented by not one, but now two, lawyers, such that service should be made on the appropriate lawyer, and not on husband personally. To conclude that personal service was required under these circumstances would risk encouraging lawyers to be less than forthright or misleading about whether they are representing a client and would risk promoting violations of Rule of Professional Conduct 4.2, which prohibits lawyers from contacting directly a person known to be represented by another lawyer.