Argued and submitted June 26, remanded with instructions in part; otherwise affirmed September 17, 1997

CITY OF PORTLAND,
a municipal corporation,
*Respondent,*

*v.*

The STRUCTURE LOCATED AT 18 NW 3RD AVENUE,
PORTLAND, MULTNOMAH COUNTY, OREGON,
and Dee Burdick, Charles Ruckles,
Florence Ruckles, Peg Slauson, J.P. Properties,
a partnership,
Yong Y. Baek, Hyun B.J. Kim, and Myung J. Kim,
dba Payless Market,
J.A. Atwood Corporation, and
Portland Development Commission,
individually,
*Defendants,*

*and*

Jim ATWOOD,
*Appellant.*

(9504-02313; CA A92016)

945 P2d 631

Michael A. Cox argued the cause and filed the briefs for appellant.

Nancy E. Ayres, Senior Deputy City Attorney, argued the cause and filed the brief for respondent.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant Atwood appeals, assigning error to the denial of his petition for discretionary attorney fees pursuant to Portland City Code (PCC) 14.80.080, as well as costs under ORCP 68 B. We conclude that the trial court did not abuse its discretion in denying fees after the City of Portland (the City) voluntarily dismissed the underlying action. However, from the trial court's judgment, it is not apparent whether the court determined whether defendant was entitled to costs and, in particular, whether the court determined whether defendant was a "prevailing party" for purposes of ORCP 54 A(3) and 68 B. Accordingly, we affirm the denial of attorney fees and remand for the trial court to determine whether defendant was a prevailing party for purposes of awarding costs.

In April 1995, the City filed a complaint against defendant[1] and others, alleging that a structure in Northwest Portland, operated as the Payless Market, was being used as a "specified crime property" in violation of PCC 14.80.010(A) and (B):

"A. It is unlawful for any structure to be employed or used as specified crime property within the City of Portland. If a structure is found to be used or employed in violation of this Subsection, it is subject to closure for a period of up to 1 year.

"B. It is unlawful for any person to employ, use, maintain, or allow the employment, use or maintenance of structures under their ownership and/or control as specified crime property. If a person is found in violation of this Subsection, they [sic] are subject to civil penalties of up to $500 per day for each day the property has been so employed, used or maintained."

The complaint sought declaratory and injunctive relief, closing the structure, as well as the imposition of civil penalties against defendant and others, pursuant to PCC 14.80.060(A), which states:

---

[1] References to "defendant" are to Atwood, the only appellant.

"In the event that a court finds that a structure consti-
tutes specified crime property as defined in this Chapter,
the court may order that it be closed for any period of up to
1 year and that the owner(s) pay to the City a civil penalty
of up to $500 for each day the owner had knowledge of activ-
ities or conditions at the structure constituting a violation
of this Chapter."

The complaint also sought attorney fees pursuant to PCC
14.80.080. That section provides:

"In any action seeking the closure of the structure pur-
suant to this Chapter, the court may, in its discretion,
award attorneys fees to the prevailing party."

Thereafter, and before defendant answered, the City
filed an amended complaint, which was generally similar to
the original complaint, except that it added and deleted cer-
tain parties[2] and amplified defendant's alleged relationship
to, and ownership interest in, the property. The amended
complaint's first claim for relief sought a declaration that the
structure was in violation of PCC 14.80.010 and an injunc-
tion closing that structure for one year. Although that claim
for relief is expressly directed against the "defendant struc-
ture," it also included allegations describing the interests
that parties, including defendant, held in the property.[3]

The second claim for relief alleged that all defen-
dants, including defendant Atwood, except for the Portland
Development Commission, were liable under PCC
14.80.060(A) for civil penalties of $500 per day for each day
that the property had been used for the manufacture or dis-
tribution of controlled substances. The third claim for relief
realleged an entitlement to attorney fees under PCC
14.80.080.

On September 1, 1995, before defendant filed any
answer to the amended complaint, the City moved *ex parte*,

---

[2] For example, the original complaint alleged that "Yong Y. Baek dba Payless
Market" was the occupant of the structure, but the amended complaint deleted
that allegation and alleged, instead, that "Hyun B. J. Kim and Myung J. Kim dba
Payless Market" were the occupants of the structure.

[3] For example, the first claim for relief alleged that, according to a title report,
the Portland Development Commission had an interest in the property, and the
case caption denominated the PDC as a defendant.

pursuant to ORCP 54 A(1)(a), to voluntarily dismiss the action without prejudice. On September 7, 1995, the court entered a judgment of dismissal.

On September 20, defendant filed a "statement of attorney fees and costs," asserting an entitlement to fees under PCC 14.80.080. In particular, defendant asserted: (1) because of the City's voluntary dismissal of the underlying action, under ORCP 54 A(3), defendant, as the dismissed party, was the prevailing party;[4] and (2) in the circumstances presented, the trial court should exercise its discretion under PCC 14.80.080 to award fees to defendant. Defendant further asserted that, as a prevailing party, he had an absolute entitlement to recover costs under ORCP 68 B.[5]

The City did not file its objections to defendant's statement within 14 days, as specified in ORCP 68 C(4)(b). However, on October 16, the City moved, pursuant to ORCP 15 D for leave to file its objections. ORCP 15 D provides:

"The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

That motion was supported by an affidavit of counsel, which described various justifications for the City's untimely response. The trial court granted the requested relief.

The City's objections raised two alternative, but closely related, arguments. First, because of the circumstances that underlay the City's dismissal of the action, defendant was not the prevailing party. *See* ORCP 54 A(3)

---

[4] ORCP 54 A(3) provides:

"When an action is dismissed under this section, the judgment may include any costs and disbursements, including attorney fees, provided by rule or statute. *Unless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party.*" (Emphasis supplied.)

[5] ORCP 68 B states:

"In any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs. If, under a special provision of these rules or any other rule or statute, a party has a right to recover costs, such party shall also have a right to recover disbursements."

(*"Unless the circumstances indicate otherwise*, the dismissed party shall be considered the prevailing party."). (Emphasis supplied.) Second, even if defendant were the prevailing party, the circumstances that prompted the City's dismissal of the action militated against a discretionary award of fees. Both of those arguments rested, ultimately, on certain evidence submitted with the City's objections, including an agreement between the City and defendants Hyun and Myung Kim, as operators of the Payless Market. In that agreement, which was executed after the filing of this action and before its dismissal, the Kims agreed that Payless Market had been the location for "numerous arrests of persons * * * for unauthorized delivery of controlled substances" and further agreed to implement specified measures "to eliminate unauthorized delivery of controlled substances at Payless Market." Defendant did not sign that agreement.

Defendant subsequently filed a response, in which he argued, *inter alia*, that the "equities" dictated an award of fees:

> "[A]pparently the City's primary purpose in filing its lawsuit against the property owners, was to impose mostly cosmetic changes to the lessee's, Kim's store. * * * First, threatening [a] lawsuit, let alone filing a lawsuit, is not a proper way to ask law abiding citizens to help rid the community of the problem. Especially in this case where individuals involved are, and have been always willing to cooperate. This is evidenced by the fact that the remaining requested changes, were readily agreed to by the tenants and partners. In other words, the tenants, with Atwood's encouragement, gladly would have made the cosmetic changes proposed by the City without need of filing a lawsuit. However, * * * the principal parties were never notified of the lawsuit until it was filed."

On January 19, 1996, the trial court denied defendant's request for fees:

> "Based on [my] review it is clear that an award of attorney fees is purely discretionary. The City of Portland dismissed the case after it was satisfied that appropriate measures had been taken to alleviate the problems associated with Mr. Atwood's property. It also appears that Mr. Atwood

refuses to acknowledge the agreement he reached with the City.

"In this particular case it is not apparent that Mr. Atwood is the 'prevailing party.' Therefore, Mr. Atwood's Motion for Attorney Fees[6] is denied."

Thereafter, the court entered an order denying "defendant's motion and petition for attorney fees"[7] and a supplemental judgment reiterating that denial. Nothing in the court's order or judgment expressly referred to costs and, particularly, determined whether defendant was a "prevailing party" for purposes of entitlement to costs under ORCP 68 B—that is, whether, under ORCP 54 A(3), the "circumstances" were such that defendant should not be deemed the prevailing party. Indeed, neither the court's letter opinion, order, nor supplemental judgment refers either to ORCP 68 or to costs.

On appeal, defendant argues, successively, that he was the prevailing party; that the trial court abused its discretion in failing to award him prevailing party attorney fees under PCC 14.80.080; and that, in all events, he was entitled to an award of costs under ORCP 68 B. As described below, we conclude that, regardless of whether defendant could or should be deemed the "prevailing party" under ORCP 54 A(3), the trial court did not abuse its discretion in declining to award fees under PCC 14.80.080. We further conclude, however, that, because the trial court did not determine the "prevailing party" question and because defendant's entitlement to *costs* under ORCP 68 B depends on that determination, a limited remand is required.

■ At the outset, we must resolve an evidentiary issue bearing on the content of the record properly before the trial court—and, by extension, before us. Defendant asserts that "[t]he record does not include" the City's objections to attorney fees and accompanying evidentiary submissions because "those objections were untimely" under ORCP 68 C(4)(b). Thus, defendant reasons, there was, and is, nothing in the record substantiating the City's assertion that events after

---

[6] The court's reference to "motion for attorney fees" is puzzling in that no pleading so denominated was ever filed.

[7] Again, no pleading so denominated was ever filed.

the filing of this action and before its dismissal militated against either designating defendant as a prevailing party or awarding defendant fees. Defendant invokes *Frederickson v. Ditmore*, 132 Or App 330, 888 P2d 108 (1995), as support for that position.

Defendant's argument ignores the fact that the trial court granted the City leave, under ORCP 15 D, to file its objections beyond the time set out in ORCP 68 C(4)(b). *See* 150 Or App at 147. Defendant does not assign error to that ruling. Moreover, to the extent that defendant relies on *Frederickson*, that case did not involve a trial court's exercise of authority under ORCP 15 D, and nothing in our opinion addresses, much less purports to limit, a trial court's broad authority under that rule. Consequently, the City's objections and related submissions were properly before the trial court.[8]

Turning to the merits, defendant first argues that the trial court erred in determining that he was not a prevailing party and in denying attorney fees. Defendant's arguments assume that the latter flowed from the former—that is, that the court denied fees *because* it concluded that defendant was not the prevailing party. The City responds, however, that the trial court's ruling, quoted above, 150 Or App at 148-49, unambiguously expresses the court's determination to exercise its discretion so as to deny fees, regardless of whether defendant was the prevailing party: "Judge Bearden's Opinion makes it clear that his ruling was based on his consideration of the circumstances of this case and the application of his discretion thereto."

We agree with the City. The first paragraph of the trial court's letter opinion pertains to the court's assessment of circumstances material to its exercise of discretion under PCC 14.80.080. The second pertains to defendant's putative prevailing party status and merely states, without resolving

---

[8] Although defendant contends on appeal that there was "no affidavit or other admissible evidence" by which the trial court could conclude that the City's claims had merit, defendant did not argue to the trial court that the City's evidentiary submissions should be excluded for any reason other than their alleged untimeliness.

the issue, that "it is not apparent that [defendant] is the 'prevailing party.' " Indeed, nothing in the court's letter opinion, order, or supplemental judgment determines whether defendant was a prevailing party or whether "the circumstances" were such that, under ORCP 54 A(3), defendant should not be deemed a prevailing party. Thus, the essence of the court's holding was that, regardless of whether defendant was nominally the prevailing party, the court, after considering the totality of the circumstances, declined to exercise its discretion to award fees.

■     We conclude that the trial court did not abuse its discretion. That is, in the totality of the circumstances, the denial of fees "was within the reasonable or permissible range." *Carter v. Moberly*, 263 Or 193, 201, 501 P2d 1276 (1972). *Cf. State ex rel Pend-Air v. City of Pendleton*, 145 Or App 236, 246-51, 929 P2d 1044 (1996), *rev den* 325 Or 45 (1997) (trial court's denial of discretionary fees in mandamus proceeding, ORS 34.210, was not an abuse of discretion).[9] That conclusion flows from the language of PCC 14.80.080, the pleadings, and the evidence before the trial court.

PCC 14.80.080 permits the discretionary award of attorney fees "[i]n any action seeking the closure of [a] structure." Here, the first claim for relief sought closure of the structure, and defendant does not dispute that he was properly named as a party defendant with respect to that claim.[10]

The trial court's denial of fees flowed from its finding that the City dismissed the action "after it was satisfied that appropriate measures had been taken to alleviate the problems associated with Mr. Atwood's property." That finding,

_____

[9] The parties do not argue that ORS 20.075, pertaining to factors guiding the discretionary award of attorney fees "in any case in which attorney fees are authorized by statute," is applicable to this case by way of analogy.

[10] The exact nature of a closure claim under PCC 14.80.010(A) and PCC 14.80.060(A) is unclear. On one hand, the action appears to be at least partly *in rem*, in that the structure itself is named as a "defendant." On the other hand, it appears to be at least partly analogous to a lien foreclosure proceeding in that all parties with an interest in the property are named as defendants. For example, in this case, the Portland Development Commission was named as a defendant, even though the City did not seek any affirmative recovery (*e.g.*, civil penalties) against the Commission. *See* 150 Or App at 146 n 2. We note, without elaboration, that PCC chapter 14.80 does not explicitly require, or provide for, the joinder of property owners as defendants in an action for closure.

although contrary to defendant's evidence, was supported by evidence in the record. In particular, the stipulated agreement between the City and defendant's lessees, the Kims, who operated the Payless Market, showed that numerous drug-related arrests had occurred on the premises and that the Kims had agreed to undertake remedial measures. Defendant points out, correctly, that he did not execute the agreement, but that is immaterial to whether the trial court could reasonably find that the conditions that had precipitated the original action were so substantially mitigated as to justify a voluntary dismissal. Similarly, the trial court could reasonably conclude, in exercising its discretion, that the City should not be liable for attorney fees where it dismissed a closure action after mitigation measures had been undertaken. Thus, there was no abuse of discretion in denying defendant fees.[11]

■　　　Finally, defendant contends that regardless of whether he was entitled to recover attorney fees as a discretionary matter pursuant to PCC 14.80.080, he was nevertheless a prevailing party entitled to mandatory award of costs under ORCP 68 B ("costs and disbursements *shall* be allowed to the prevailing party") (emphasis supplied). As we have noted, however, the trial court never determined whether defendant was a prevailing party and merely observed that it was "not apparent" that defendant was a prevailing party. Nor can such a determination be read into the court's opinion or order and supplemental judgment, which pertained solely to fees and not costs and which, as noted, rested on the court's exercise of discretion rather than on any determination of "prevailing party" status. 150 Or App at 150-51.

A remand is required because it is not apparent from the face of the supplemental judgment, even when viewed in the light of the predicate letter opinion and order, whether the trial court actually determined whether defendant was entitled to costs. As noted, under ORCP 54 A(3), defendant,

---

[11] Defendant did not contend before the trial court that, even if he was not entitled to discretionary attorney fees with respect to the first (closure) claim for relief, he could, nevertheless, be entitled to fees with respect to the second (civil penalty) claim, because the latter involved an additional "knowledge" element. PCC 14.80.060(A). Nor did defendant's statement of fees allocate or differentiate between time devoted to the latter but not to the former.

as the dismissed party, is presumed to be the prevailing party unless "the circumstances indicate otherwise." Thus, if, on remand, the trial court determines that defendant is not the prevailing party, the court should render findings as to the "circumstances" that, in its view, preclude designating defendant as a prevailing party for purposes of recovering costs.

Remanded for determination of whether appellant was "prevailing party" for purposes of award of costs under ORCP 68 B; otherwise affirmed.