Argued and submitted October 6, reversed November 1, 2006

Mary Lee HUSTED,
*Respondent,*

*v.*

SCI OREGON FUNERAL SERVICES, INC.,
*Appellant.*

16-04-05975; A129756

146 P3d 376

Jennifer J. Roof argued the cause for appellant. With her on the briefs were Bruce A. Rubin and Miller Nash LLP.

William D. Stark argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Hargreaves, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

The issue in this case is whether plaintiff timely filed her statement of costs, disbursements, and attorney fees. The trial court held that the filing was timely. We conclude that the filing was untimely and reverse.

The relevant facts are uncontested. Plaintiff prevailed on a claim against defendant, her former employer, and a jury awarded a total of $46,600 economic and noneconomic damages. Plaintiff submitted a form of general judgment to the court. The form included a provision for prejudgment interest. Defendant objected to the prejudgment interest provision. On May 13, 2005, the trial court lined out the reference to prejudgment interest and signed the judgment. The judgment was entered on May 18, 2005.

On May 19, 2005, plaintiff sent to the court a form of amended general judgment, which deleted any reference to prejudgment interest. On May 23, 2005, the trial court signed the amended general judgment. There is no indication in the record, however, that the May 23, 2005, amended general judgment ever was entered.

On June 7, 2005, plaintiff submitted a statement for costs, disbursements, and attorney fees, including $66,892 in attorney fees. Defendant objected on the ground that the statement had been untimely filed. Defendant argued that, under ORCP 68 C(4)(a), plaintiff had 14 days from entry of judgment to file the statement, and plaintiff had filed 20 days from entry of judgment in this case.

The trial court agreed that ORCP 68 C(4)(a) controlled and that, under that rule, plaintiff had 14 days from entry of judgment to file her statement. The court found, however, that "the date of significance in this matter is May 24, 2005, the entry date of the amended general judgment." The court concluded that, because plaintiff had filed her statement within 14 days of that date, the statement had been timely filed. The court entered a supplemental judgment awarding the full amount of attorney fees requested.

■    Defendant appeals, arguing that the trial court erred in concluding that plaintiff's statement of costs, disbursements, and attorney fees had been timely filed. Defendant contends that there is a complete absence of evidence in the record that the amended general judgment ever was entered. As a result, defendant argues, plaintiff was obliged to file her statement within 14 days of the only judgment that had been entered, that is, the May 18, 2005, judgment.

Under ORCP 68 C(4)(a), plaintiff had 14 days from the date of *entry* of judgment to file a statement of costs, disbursements, and attorney fees. In this case, the record shows that a general judgment was entered on May 18, 2005. It shows that no other general judgment has been entered. Plaintiff therefore had 14 days from that date to file her statement. She filed well beyond that deadline. Her filing therefore was untimely.

Plaintiff does not contest that the trial court erred in finding that an amended general judgment had been entered on May 24, 2005. Instead, plaintiff advances two arguments in support of the trial court's determination that the statement had been timely filed.

First, plaintiff argues that, under *Lumbermen's v. Dakota Ventures*, 157 Or App 370, 971 P2d 430 (1998), trial courts are authorized to treat time limitations with some flexibility.

*Lumbermen's*, however, does not aid plaintiff in this case. In that case, the defendant failed to allege entitlement to attorney fees in his pleadings. When the defendant filed a request for attorney fees, the plaintiff objected on the ground that the defendant had failed to comply with ORCP 68 C(2)(a), which requires that the basis for a request for fees must appear in a pleading. The trial court agreed with the plaintiff and denied the request for attorney fees. We affirmed. We noted that, "[a]lthough on its face ORCP 68 C is stringent, its mandate is tempered by ORCP 12 B, which directs the court to 'disregard any error or defect in the pleadings or proceedings' which does not affect the substantial rights of the adverse party.'" *Lumbermen's*, 157 Or App at 375. We then concluded that, in that case, the defendant's failure to comply with the rule was *not* the sort of defect that

could be disregarded because, by failing to comply with the rule, the defendant had failed to put the opposing party on notice of his intent to seek fees. *Id.* at 376-77. *Lumbermen's*, in other words, was about a defect in the pleadings, not a failure to comply with a statutory time limit and was, moreover, a case in which we concluded that waiver of even a defect in the pleadings was not appropriate.

■       Second, plaintiff argues that the trial court could have allowed additional time within which to file the statement of costs, disbursements, and attorney fees under ORCP 15 D, which provides that the court "may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time." The problem with that argument is that plaintiff had never sought an extension under ORCP 15 D in this case. What is more, the trial court plainly did not exercise its discretion under ORCP 15 D. The court expressly found that the filing of plaintiff's statement had been timely. As we have determined, the trial court was incorrect in making that finding.

Reversed.