Argued and submitted February 8, supplemental judgment awarding attorney fees and costs reversed October 10, 2007

Howard JAFFE,
an individual,
*Plaintiff-Appellant,*

*v.*

THE PRINCIPLE COMPANY,
a domestic business corporation,
*Defendant,*

*and*

Jeff R. TAYLOR,
an individual,
*Defendant-Respondent.*

Multnomah County Circuit Court
040707319; A131134

170 P3d 4

Terrance J. Slominski argued the cause and filed the briefs for appellant.

Samuel C. Justice argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Carson, Senior Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff appeals a supplemental judgment awarding attorney fees and costs to defendant Taylor, the prevailing party in an action to recover statutory damages for dishonored checks, ORS 30.701.[1] Plaintiff argues that defendant's statement of attorney fees and costs was untimely because it was filed more than the 14 days after the entry of judgment required by ORCP 68 C(4)(a)(i), and therefore defendant is not entitled to an award. We agree with plaintiff and reverse.

The material facts are uncontested. On October 14, 2005, a general judgment was entered that, among other things, listed defendant as the prevailing party on plaintiff's claim for dishonored checks. Defendant filed his statement of attorney fees and costs on November 3, 2005. Plaintiff filed an objection to defendant's statement of attorney fees on the ground that it was untimely. After a hearing, the trial court signed a supplemental judgment awarding attorney fees and costs to defendant. As noted, plaintiff appeals that judgment.

We review the trial court's allowance of attorney fees and costs as a question of law. ORS 20.220(1). We begin our analysis with ORCP 68 C(4)(a). That rule provides, in part:

> "A party seeking attorney fees or costs and disbursements *shall, not later than 14 days after entry of judgment* * * *:
>
> "(i)   File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with Rule 9 C[.]"

(Emphasis added.)

Defendant filed a statement of attorney fees and costs on November 3, 2005. Plaintiff argues that ORCP 68 C(4)(a) required defendant to file his statement of attorney

---

[1] Plaintiff named The Principle Company and Taylor as defendants in his first claim for dishonored checks. Plaintiff brought other claims against only The Principle Company. The sole issue before us is the award of attorney fees and costs to defendant Taylor on plaintiff's claim for dishonored checks. In this opinion, when we refer to defendant, we are referring to defendant Taylor.

fees and costs by October 28, 2005, within 14 days after entry of the judgment. According to plaintiff, because defendant filed his statement of attorney fees and costs more than 14 days after the general judgment was entered, the trial court erred, as a matter of law, when it awarded defendant his attorney fees and costs. Under plaintiff's construction of ORCP 68 C(4)(a), the trial court had no discretion to award attorney fees and costs once defendant, the prevailing party, missed the filing deadline. Plaintiff argues that ORCP 68 C(4)(a) establishes mandatory procedures and that the legislature intended those procedures to be compulsory, because the legislature used "shall" and not "may."

■ Defendant, on the other hand, argues that the trial court had discretion to award attorney fees and costs, despite his untimely filing. In support of that assertion, defendant advances two arguments. We address each of defendant's arguments below.

First, defendant acknowledges that ORCP 68 C(4) requires a party seeking attorney fees and costs to file and serve a detailed statement within 14 days after entry of the judgment; he argues, however, that ORCP 68 C(4) contemplates a party's timely receipt of the notice of entry of the judgment. Here, the general judgment was entered on October 14, 2005—a Friday—but defendant contends that the notice of entry of the judgment was not mailed until October 18, 2005—a Tuesday. Defendant states that his receipt of the notice was further delayed because it was mailed to his old office and had to be forwarded to him. In light of those circumstances, defendant argues that "it is appropriate to allow the trial court discretion to give counsel reasonable relief from the rule, just as the trial court has discretion * * * to give relief from the entry of judgment in other circumstances." Further, defendant argues that "[t]o hold that the rule of ORCP 68 C(4) is entirely inflexible regardless of the timeliness of the notice of entry of judgment unreasonably deprives a party of its right to seek attorney fees and costs and unreasonably impedes the power of the trial court to give relief * * *."

Defendant's entreaty is unavailing. Irrespective of the apparent delays, he acknowledged to the trial court that

he believed he received the notice of entry of the general judgment before the time period to file his statement had expired, but he still failed to meet the 14-day deadline. Defendant filed his statement of attorney fees and costs on November 3, 2005, 20 days after the entry of judgment. Defendant's filing was untimely. Nothing in ORCP 68 grants a party more time to file a statement of attorney fees and costs if there is a delay in receiving the notice of entry of a judgment.

Next, defendant argues that the trial court had discretion under either ORCP 12 B or ORCP 15 D to award defendant his attorney fees and costs, despite missing the 14-day deadline. We address each rule in turn.

■       ORCP 12 B provides, "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." Defendant relies on *State ex rel Roberts v. Bomareto Ent., Inc.*, 153 Or App 183, 956 P2d 254, *rev den*, 327 Or 192 (1998), in which the defendants appealed the award of costs to the plaintiff on the ground that the plaintiff had failed to serve the third-party defendants as required under ORCP 68 C(4)(a)(ii). There, we affirmed the trial court's award of costs and noted that, "[w]ithout evidence of infringing on defendants' substantial rights or evidence of prejudice, ORCP 12 B requires us to disregard plaintiff's technical flaw in service of the cost bill on the third-party defendants." *Bomareto*, 153 Or App at 189. Here, defendant argues that, because plaintiff did not claim any prejudice from his untimely filing, the trial court properly excused defendant's untimely filing in awarding his attorney fees.

Although defendant correctly states that plaintiff has not claimed any prejudice as a result of defendant's late filing, he does not address the potential infringement of plaintiff's substantial rights. In *O'Neal and O'Neal*, 158 Or App 431, 974 P2d 785 (1999), we concluded that ORCP 68 entitled the wife in that proceeding to submit an affidavit for claimed attorney fees before the trial court could enter a judgment. In reaching that conclusion, we clarified our opinion in *Bomareto*: "[T]here is a significant difference between a technical defect in service that does not prejudice the parties and elimination of the procedure of ORCP 68 altogether. The

process outlined in ORCP 68 C(4) for seeking attorney fees is mandatory, as shown by the use of the word 'shall.' " *Id.* at 435. We reversed and remanded to the trial court for further proceedings, concluding that the wife "[was] entitled to the procedure outlined in ORCP 68 C(4)[,]" because "[d]enial of that safeguard *infringed on wife's substantial rights." Id.* at 436 (footnote omitted; emphasis added). Applying the principles announced in *O'Neal* to the facts of this case, we conclude that the filing of the statement for attorney fees and costs within the 14 days outlined in ORCP 68 C(4) affected plaintiff's substantial rights and cannot be disregarded under ORCP 12 B, because to accept defendant's interpretation of ORCP 12 B would gut the time limits imposed in ORCP 68. *See also Husted v. SCI Oregon Funeral Services, Inc.*, 209 Or App 45, 48-49, 146 P3d 376 (2006) (ORCP 12 B does not excuse untimely filing of petition for attorney fees under ORCP 68 C(4)).

■       Finally, we turn to ORCP 15 D, which states that "[t]he court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time." Defendant relies on *Chase v. Vernam*, 199 Or App 129, 137, 110 P3d 128 (2005), in which we concluded that the trial court did not err when it considered the plaintiff's objections to the defendant's attorney fees statement, despite the untimeliness of those objections. Defendant relies on our statement that ORCP 15 D "allows the court to consider an objection that is not filed within the time limits set by the procedural rules." *Id.* Defendant's reliance on that opinion is misplaced for two reasons.

First, the issue in *Chase* was whether the trial court erred when it allowed the plaintiff to discuss his objections to the defendant's request for attorney fees at a hearing, despite the plaintiff's untimely filing of those objections. We concluded that the trial court did not err because "[a] trial court is not *required* to allow an attorney fee request if there is no timely objection. A court retains whatever discretion it may otherwise have to award or deny fees even if there *is* not a timely objection." 199 Or App at 136 (emphasis in original).

Second, defendant is not entitled to relief under ORCP 15 D because he never sought an extension of time to file his statement of attorney fees and costs under that rule. *See Powers v. Quigley*, 212 Or App 644, 651, 159 P3d 371 (2007) (concluding that the defendant could not claim relief under ORCP 15 D because he did not request an extension of time under that rule); *Husted*, 209 Or App at 49 (concluding that the problem with the plaintiff's argument, that, under ORCP 15 D, the trial court could have allowed him additional time to file his statement of attorney fees, was that the plaintiff never sought such an extension).

Thus, the trial court erred, as a matter of law, when it allowed defendant to recover his attorney fees and costs. ORCP 68 C(4) requires that a party seeking attorney fees and costs must file its statement within 14 days after the judgment has been entered. Defendant did not comply with ORCP 68 C(4) and is thus time-barred from recovering his attorney fees and costs.

Supplemental judgment awarding attorney fees and costs reversed.