Argued and submitted September 15, 2009, affirmed November 10, 2010

Anastasia JOHNSON,
*Plaintiff-Respondent,*

*v.*

BEST OVERHEAD DOOR, LLC,
an Oregon limited liability company,
*Defendant-Appellant,*

*and*

Robert JONES,
*Defendant.*

Multnomah County Circuit Court
061213488; A137808

242 P3d 740

Jeremy L. Fellows argued the cause and filed the briefs for appellant.

Patty Rissberger argued the cause for respondent. With her on the brief was Crispin Employment Lawyers.

Before Haselton, Presiding Judge, and Rosenblum, Judge, and Kistler, Judge pro tempore.*

KISTLER, J. pro tempore.

---

* Kistler, J. pro tempore, *vice* Armstrong, J.

## KISTLER, J. pro tempore

After finding defendant Best Overhead Door, LLC, liable for sexual harassment, the trial court awarded plaintiff injunctive relief and attorney fees. On appeal, defendant raises a variety of challenges to the trial court's fee award. It contends that plaintiff's statement of attorney fees was untimely, that plaintiff was not the prevailing party, and that her statement of fees was not sufficiently detailed. We affirm the trial court's judgment.

Plaintiff worked for defendant. In her complaint, plaintiff alleged that one of defendant's other employees, Jones, had engaged in a pattern of sexual harassment that culminated in a battery. She also alleged that defendant knew or should have known that Jones was subjecting her to a hostile work environment. As a result of Jones's alleged acts, plaintiff brought an action against defendant for sexual harassment, retaliation, and wrongful discharge.[1] Plaintiff's wrongful discharge claim was tried to a jury, which found in defendant's favor. Her sexual harassment and retaliation claims were tried to the court, which found in plaintiff's favor on the sexual harassment claim and in defendant's favor on the retaliation claim. Having found in plaintiff's favor on the sexual harassment claim, the trial court granted her injunctive relief but did not award her back pay.

On December 24, 2007, the trial court entered a general judgment. On January 7, 2008, 14 days after the trial court entered judgment, plaintiff's attorney served a copy of her request for attorney fees on defendant. The attorney also had a copy of the fee request hand-delivered to the trial judge that day. However, as a result of a miscommunication, the attorney's staff mailed plaintiff's fee request to the trial court clerk instead of hand-delivering it. As a result, the clerk's office filed plaintiff's fee request on January 9, 2008, 16 days after the trial court had entered judgment.

---

[1] Plaintiff also brought claims against Jones and defendant for battery. (Jones is not a party to this appeal, and all references to defendant refer to Best Overhead Door, LLC.) The jury could not reach a verdict on the battery claims, and plaintiff voluntarily dismissed them.

Defendant objected to plaintiff's fee request because plaintiff had not filed it with the court within 14 days after entry of judgment. *See* ORCP 68 C(4)(a) (requiring filing within 14 days). Plaintiff, for her part, acknowledged that her fee request was filed two days late, on January 9 rather than January 7. To correct that error, plaintiff filed a motion under ORCP 15 D and alternatively ORCP 12 B to permit a late filing. After considering the parties' arguments, the trial court allowed plaintiff's motion for a late filing under ORCP 15 D. It also concluded that, having sought and obtained injunctive relief, plaintiff was the prevailing party on her sexual harassment claim and that plaintiff's statement of fees and costs was sufficiently detailed to permit it to award fees on only the one claim on which plaintiff had prevailed. The court accordingly awarded plaintiff $26,823.50 in attorney fees and $1,386 in costs.

On appeal, defendant does not challenge the trial court's ruling that defendant was liable for sexual harassment. Rather, defendant focuses solely on the trial court's award of attorney fees. It assigns error to the trial court's ruling allowing plaintiff's motion to file a late statement of attorney fees and also to the ruling awarding plaintiff fees. We begin with defendant's challenge to the ruling allowing plaintiff to file a late statement of attorney fees. On that issue, defendant argues that this court has held that a party may not rely on ORCP 12 B to excuse a failure to file a statement of attorney fees within 14 days of the entry of judgment. *See Jaffe v. The Principle Company*, 215 Or App 385, 389-90, 170 P3d 4 (2007); *Husted v. SCI Oregon Funeral Services, Inc.*, 209 Or App 45, 48-49, 146 P3d 376 (2006). Defendant notes that the court explained in *Jaffe* that "to accept defendant's interpretation of ORCP 12 B [that that rule permits a late filing] would gut the time limits imposed in ORCP 68." 215 Or App at 390. Defendant contends that the court's reasoning applies with equal force to ORCP 15 D.

ORCP 12 B and ORCP 15 D address different issues. The former rule addresses defects and errors in pleadings and proceedings. *See Mulier v. Johnson*, 332 Or 344, 349-51, 29 P3d 1104 (2001) (discussing ORCP 12 B). The latter rule addresses late filings and extensions of time. It provides:

"The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

ORCP 15 D. That rule, by its terms, gives trial courts discretion to allow a party to file "an answer or reply * * * or * * * any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time." *Id.* Defendant's argument, were we to accept it, would read at least part of ORCP 15 D out of the rules of civil procedure.

Defendant does not dispute that ORCP 15 D gave the trial court discretion to enlarge the time for filing a statement of attorney fees if plaintiff had moved for an extension of time before the 14-day filing period expired. Defendant argues, however, that the rule did not give the trial court discretion to permit plaintiff to file her fee request after the 14-day period had elapsed. The terms of the rule, however, gave the trial court discretion to allow the filing "after the time limited by the procedural rules, or by an order enlarge such time." *Id.* The rule is stated in the disjunctive. The first part of the rule is directed to late filings—*i.e.*, after the period for filing has passed. The second part of the rule is directed to motions to extend or enlarge the time before the party is in default. Contrary to defendant's argument, ORCP 15 D expressly gave the trial court authority to permit the late filing of plaintiff's statement of attorney fees.[2]

This court's decision in *Jaffe* does not point in a different direction. In *Jaffe*, the court reasoned that the failure to comply with the 14-day filing requirement in ORCP 68 C(4)(a) was not the type of defect that can be excused under ORCP 12 B. 215 Or App at 390. Rather, as the court recognized in *Jaffe*, the defendant in that case should have relied on ORCP 15 D. *Id.* at 391. The problem for the defendant in

---

[2] Defendant argues, for the first time in its reply brief, that a fee request under ORCP 68 is not the sort of pleading or motion to which ORCP 15 D applies. Defendant's argument suffers from two procedural problems. First, it comes too late. A party may not raise an issue for the first time in a reply brief. *Hayes Oyster Co. v. Dulcich*, 170 Or App 219, 237 n 20, 12 P3d 507 (2000). Second, defendant never raised that issue in the trial court. Having lost in the trial court, defendant may not seek to overturn the trial court's ruling on a ground that it did not raise below. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) (explaining preservation of error).

*Jaffe* was that he had not asked the trial court for relief under that rule. *Id.* In that respect, *Jaffe* was consistent with other cases from this court. *See Powers v. Quigley*, 212 Or App 644, 651, 159 P3d 371 (2007), *rev'd on other grounds*, 345 Or 432, 198 P3d 919 (2008) (holding that ORCP 15 D did not apply because neither the party nor the trial court had relied on that provision); *Husted*, 209 Or App at 49 (same). This case, by contrast, arises in a different posture. In this case, plaintiff asked the trial court to exercise its discretion under ORCP 15 D to permit a late filing, and the court did so.[3] We conclude that, in the circumstances of this case, the trial court properly exercised its discretion to permit plaintiff to file a statement of attorney fees "after the time limited by the procedural rules." *See* ORCP 15 D.[4] We accordingly affirm the trial court's award of fees and its judgment.

Affirmed.

---

[3] Defendant does not argue that, if the trial court had discretion to permit a late filing, it abused its discretion in doing so. Under the circumstances of this case, that would be a difficult argument to make.

[4] As noted, defendant has challenged the trial court's fee award on other grounds. Having considered those additional grounds, we reject them without further discussion.