Submitted March 7, 2014, affirmed August 19, 2015

Joe D. ORNDUFF,
*Plaintiff-Respondent,*
*v.*

Russell HOBBS,
*Defendant,*
*and*

Jason SCHMEER
and Angela Schmeer,
*Defendants-Appellants.*

Clackamas County Circuit Court
FE121181; A152444

359 P3d 331

Harry D. Ainsworth filed the brief for appellants.

David L. Carlson filed the brief for respondent.

Before Nakamoto, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

In this forcible entry and detainer (FED) proceeding, defendants appeal a judgment awarding restitution of the premises to plaintiff and a supplemental judgment awarding attorney fees to plaintiff. Defendants contend that the FED complaint should have been dismissed on the grounds that (1) plaintiff's notices of termination inadequately described the deadline for tendering unpaid rent to plaintiff; and (2) the complaint failed to substantially comply with the requirements of ORS 105.124 (governing the form of FED complaints) and failed to satisfy ORCP 18 B. Defendants also challenge the attorney fee award as unauthorized because plaintiff's attorney fee statement was filed outside of the 14-day time period specified in ORCP 68 C(4)(a). Although the trial court granted plaintiff's motion under ORCP 15 D to permit a late filing, defendants argue that an attorney fee statement under ORCP 68 is not a "motion" or a "pleading" that is subject to ORCP 15 D. In the alternative, defendants argue that, if ORCP 15 D did authorize the trial court to permit a late-filed attorney fee statement, then the trial court abused its discretion by granting plaintiff's motion.

We conclude that the trial court did not err when it denied defendants' motion to dismiss.[1] We conclude further that ORCP 15 D authorized the trial court to grant plaintiff's motion to submit a late-filed attorney fee statement and that the trial court acted within its discretion in granting the motion. We therefore affirm.

## I.   FACTS

Plaintiff is the owner of real property located in Clackamas County. In December 2010, defendants rented a dwelling on that property from plaintiff for $1,800 per month. Defendants did not tender any rental payments to plaintiff after August 2011. In July 2012, plaintiff issued

---

[1] Defendants' written motion to dismiss requested dismissal on the ground that the notices of termination did not adequately specify a deadline for tendering the unpaid rent. At the hearing on the motion, defendants orally argued that the FED complaint did not comply with ORS 105.124 and ORCP 18 B. Although defendants did not formally move to dismiss on that basis, the trial court treated defendants' arguments as a motion to dismiss; on appeal, the parties likewise treat defendants' arguments as a motion to dismiss. Accordingly, so do we.

a series of 72-hour notices of termination for nonpayment of rent; the notices demanded that defendants either tender the unpaid rent or vacate the premises, and informed them that plaintiff would file an FED action if defendants did not comply with that directive. Defendants neither tendered the unpaid rent nor vacated the premises, and plaintiff filed this FED action. The case proceeded to trial in September 2012.

Defendants moved to dismiss the complaint on the ground that the notices of termination failed to comply with ORS 90.394, and on the additional ground that plaintiff's complaint did not satisfy the requirements of ORS 105.124 and ORCP 18 B. The trial court denied the motion, and the court awarded a judgment of restitution of the premises to plaintiff.

Plaintiff then sought attorney fees. Plaintiff drafted a document titled "MOTION FOR ENTRY OF SUPPLE-MENTAL JUDGMENT RE ATTORNEY FEES," to which he affixed his ORCP 68 statement for fees. Plaintiff mailed those documents to the trial court for filing; he also mailed a copy to defendants. Defendants received the fee statement within 14 days of entry of judgment, as contemplated by ORCP 68, and filed objections. Later, however, defendants learned that the filing was not docketed by the trial court until 16 days after entry of judgment—two days after the deadline. At that point, defendants filed supplemental objections to plaintiff's statement for attorney fees, challenging the request as untimely.

Approximately two months later, plaintiff moved, under ORCP 15 D, to permit a late-filed attorney fee statement, explaining that he had timely mailed it to the court but that the court had not docketed it within the 14-day timeline prescribed by ORCP 68. Defendants again objected, contending that ORCP 15 D does not apply to statements for attorney fees as a matter of law. The trial court granted plaintiff's motion, and entered a supplemental judgment awarding plaintiff $4,490 in attorney fees and $132 in costs.

## II. ANALYSIS

As noted, defendants assign error to the trial court's denial of their motion to dismiss, arguing that plaintiff's

notices of termination inadequately described the deadline for tendering unpaid rent, and that the complaint failed to substantially comply with the requirements of ORS 105.124 and failed to satisfy ORCP 18 B. Defendants also assign error to the trial court's grant of plaintiff's motion to permit a late-filed attorney fee statement under ORCP 15 D, arguing that ORCP 15 D does not apply to attorney fee statements as a matter of law, and, alternatively, even if the rule does apply, the trial court abused its discretion by granting plaintiff's motion on the facts of this case. We address those contentions in sequence.

A.  *Motion to dismiss*

In reviewing the trial court's ruling on defendants' motion to dismiss, we review for legal error the court's determination that the notices of termination complied with ORS 90.394. *See Guardian Management, LLC v. Zamiello*, 194 Or App 524, 526, 95 P3d 1139 (2004) (reviewing for legal error ruling that service of written FED notice complied with ORS 90.155). We also review for legal error the trial court's determinations that plaintiff's complaint substantially complied with ORS 105.124 and that it satisfied ORCP 18 B. *See Oregon Account Systems, Inc. v. Greer*, 165 Or App 738, 740-43, 996 P2d 1025 (2000) (sufficiency of complaint in light of statutory provision is a question of law); *see also* ORS 105.124(1) (prescribing that complaint "must be in *substantially* the following form" (emphasis added)); *Tompte v. Stone*, 195 Or App 599, 603, 98 P3d 1171 (2004) (legislature provides for "substantial compliance" with a statutory requirement when it employs a variation of those terms in the statutory text).

Regarding the sufficiency of the notices of termination, defendants argue that dismissal was required because the notices failed to specify the date by which defendants were required to cure, as required by ORS 90.394(3). We disagree. The notices directed defendants to tender payment "*by* **August 6, 2012 by 11:59 p.m.**" (Boldface in original; italicized emphasis added.) Although defendants contend that the use of the word "by" made it unclear whether their deadline for tendering rent was August 5 or August 6, we see no ambiguity in the directive to tender payment "by August 6,

2012 by 11:59 p.m." Moreover, the wording of the notices tracked the wording of ORS 90.394(3), which states that notices of termination must "specify the amount of rent that must be paid and the date and time *by which* the tenant must pay." (Emphasis added.) Because plaintiff's notices specified the deadline for tendering unpaid rent by echoing the phrasing of ORS 90.394(3), the notices complied with that statute.

Regarding whether dismissal was required on the ground that the FED complaint failed to substantially comply with ORS 105.124 or on the ground that it failed to comply with ORCP 18 B, defendants' only preserved argument is that the complaint does not contain a prayer for relief.[2] Although defendants are correct that the FED complaint does not contain a formal "prayer for relief," that does not mean that defendants were entitled to dismissal of the complaint under either ORS 105.124 or ORCP 18 B.

First, dismissal was not required under ORS 105.124, because the FED complaint substantially complied with that statute. ORS 105.124(1) provides that the complaint shall inform the defendant that the "[l]andlord *requests judgment for* possession of the premises, court costs, disbursements and attorney fees." (Emphasis added.) Plaintiff's complaint effectively made that required request. It alleged, in pertinent part, as follows:

"2.

"Plaintiff is the landlord and is *entitled to possession of the property* because of 72-hour notice for nonpayment of rent for August, 2011. ORS 90.394. A copy of the notice relied upon is attached hereto as Exhibits 1A-C.

"3.

"Landlord is *entitled to his attorney's fees, costs and disbursements* pursuant to ORS 90.255 and ORS 105.137(3)."

(Emphases added.) Those allegations communicated to the court and to defendants that plaintiff was requesting the

---

[2] On appeal, defendants identify a number of other alleged deficiencies in the FED complaint that defendants contend required dismissal of the FED complaint. However, defendants never made any arguments about those perceived deficiencies to the trial court. We therefore do not address defendants' arguments about those alleged deficiencies.

court to grant him possession of the premises, costs, disbursements, and attorney fees. That is "substantially" what ORS 105.124 requires in terms of a request for relief.

Second, our case law establishes that the omission of the prayer for relief required by ORCP 18 B[3] is not grounds for dismissal, provided that the complaint otherwise alerts the defendant or defendants of the relief sought. *See Does 1-7 v. State of Oregon*, 164 Or App 543, 548, 993 P2d 822 (1999), *rev den*, 330 Or 138 (2000) (the prayer for relief is "not a part of the complaint"; therefore, "'a prayer for the wrong relief following a pleading that sets forth facts entitling the pleader to some relief does not operate to deny the proper relief'" (quoting *Wright v. Morton*, 125 Or 563, 569, 267 P 818 (1928))); *Employers' Fire Ins. v. Love It Ice Cream*, 64 Or App 784, 792-93, 670 P2d 160 (1983) (if "the facts pleaded are sufficient to state a cause of action," a lack of specificity in the prayer is not fatal to the complaint). Here, the complaint alerted defendants of the nature of the relief sought: possession of the premises, costs, disbursements, and attorney fees. The trial court did not err in denying defendants' motion to dismiss.

B. *Attorney fees*

Finally, we address defendants' challenge to the trial court's award of attorney fees. Defendants' primary theory is that the award was not authorized because plaintiff filed his attorney fee statement after the expiration of the ORCP 68 C(4)(a)[4] filing period. Although the trial court

---

[3] ORCP 18 B states that "[a] pleading which asserts a claim for relief, whether an original claim, counterclaim, cross-claim, or third party claim, shall contain * * * *[a] demand of the relief* which the party claims[.]" (Emphasis added.)

[4] ORCP 68 C(4)(a) provides:

"A party seeking attorney fees or costs and disbursements shall, *not later than 14 days after entry of judgment* pursuant to Rule 67:

"C(4)(a)(i)   File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements that explains the application of any factors that ORS 20.075 or any other statute or rule requires or permits the court to consider in awarding or denying attorney fees or costs and disbursements, together with proof of service, if any, in accordance with Rule 9 C; and

"C(4)(a)(ii)   Serve, in accordance with Rule 9 B, a copy of the statement on all parties who are not in default for failure to appear."

(Emphasis added.)

granted plaintiff's motion under ORCP 15 D[5] to permit a late filing, defendants contend that ORCP 15 D does not apply to statements for attorney fees and that, as a result, the allowance of plaintiff's motion was unauthorized, making the fee award unauthorized. Put another way, defendants' position is that the 14-day period for filing an attorney fee statement under ORCP 68 C(4)(a) is not extendable and noncompliance with that deadline is not excusable under ORCP 15 D, and a trial court necessarily lacks authority to award fees if a statement is filed outside of that 14-day period.

Our case law is clear that a court cannot award attorney fees if a fee statement is filed outside of the 14-day period specified in ORCP 68 C(4)(a) and that time period has not been properly extended, or the untimeliness otherwise excused. *See Jaffe v. The Principle Company*, 215 Or App 385, 391, 170 P3d 4 (2007) (trial court erred as a matter of law when it allowed for recovery of attorney fees where the prevailing party neither submitted an attorney fee statement within 14 days of entry of judgment, as required by ORCP 68 C(4)(a), nor sought an extension of time to file that statement under ORCP 15 D). Here, it is undisputed that plaintiff's attorney fee statement was not filed within that 14-day time period. As a result, the legal question as to whether the fee award was authorized boils down to whether ORCP 15 D authorized the trial court to permit plaintiff to file his fee statement after the ORCP 68 C(4)(a) filing period had expired. Because the terms of ORCP 15 D make that rule applicable only to "motions" and "pleadings," the answer to that legal question, in turn, depends on whether an attorney fee statement under ORCP 68 qualifies as a "motion" or a "pleading" within the meaning of ORCP 15 D.

We begin by observing that recent amendments to ORCP 68 render our answer to this legal question of

---

[5] ORCP 15 D provides that a court may "allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time." As we have observed, the rule is stated in the disjunctive; it gives trial courts discretion both to permit late-filed pleadings and motions, and to extend the time permitted for filing before a party is in default. *Johnson v. Best Overhead Door, LLC*, 238 Or App 559, 563, 242 P3d 740 (2010).

short-lived utility to the bench and bar. Those amendments eliminate any doubt about a trial court's authority to allow an untimely filing of, or to enlarge the time permitted for filing, an attorney fee statement. Effective January 1, 2016, ORCP 68 C(4)(d)(ii) will specifically provide:[6]

"The court may, in its discretion and upon any terms that may be just, allow a statement, an objection, or a response to be filed and served after the time specified in paragraph C(4)(a), C(4)(b), or C(4)(c) of this rule, or by an order enlarge such time."

That rule change will plainly authorize trial courts to accept late-filed attorney fee statements, as occurred in this case, regardless of whether ORCP 15 D also authorizes a court to do so.

However, the amended rule does not apply to this case. As a result, we must answer a question that we previously have declined to resolve: Does ORCP 15 D authorize a trial court to allow an untimely filing of, or to enlarge the time permitted to file, an attorney fee statement under ORCP 68 C(4)(a)? *See Johnson v. Best Overhead Door, LLC*, 238 Or App 559, 563 n 2, 242 P3d 740 (2010) (declining to consider that question where the defendant failed to raise the issue in the trial court). We conclude that it does.

ORCP 15 D authorizes a court to permit the filing of "pleading[s] or motion[s] after the time limited by the procedural rules[.]" Defendants argue that an attorney fee statement is neither a "pleading" nor a "motion," and, for that reason, the trial court erred when it allowed plaintiff's late-filed fee statement under ORCP 15 D. Plaintiff disagrees, responding that an attorney fee statement constitutes a

---

[6] The Council on Court Procedures (the Council) promulgated the amendments to ORCP 68 in December 2014; because the legislature did not vote to rescind or modify the amendments during its 2015 session, the changes are scheduled to take effect on January 1, 2016. Oregon Council on Court Procedures, *Current Biennium (September 2013-August 2015)*, http://www.counciloncourtprocedures.org/Current_Biennium.htm (accessed August 6, 2015); *see* ORS 1.735 (The Council "shall promulgate rules governing pleading, practice and procedure," and those rules and any amendments "shall be submitted to the Legislative Assembly at the beginning of each odd-numbered year regular session and shall go into effect on January 1 following the close of that session" unless the legislature provides an earlier effective date, or amends, repeals, or supplements the rules by statute.).

"pleading" for purposes of ORCP 15 D, and, therefore, the trial court did not err when it granted plaintiff's motion to permit a late filing under that rule.

As framed by the parties, the question for us is whether an attorney fee statement is the type of document that the drafters of ORCP 15 D would have viewed as a "pleading."[7] ORCP 15 was promulgated by the Council on Court Procedures (the Council) during the Council's inaugural 1977-1979 biennium, and subsection (D) was adopted without change by the legislature.[8] ORCP 15 D, which has never been amended, provides, in full, that "[t]he court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other *pleading or motion* after the time limited by the procedural rules, or by an order enlarge such time." (Emphasis added.)

ORCP 13 A, which was promulgated concurrently with ORCP 15 D, defines the "pleadings" as "the written statements by the parties of the facts constituting their respective claims and defenses." A statement for attorney fees meets that definition. Under ORCP 68 C(4)(a)(i), a fee statement is a "signed and detailed statement of the amount of attorney fees or costs and disbursements that explains the application of any factors that ORS 20.075 or any other statute or rule requires or permits the court to consider in awarding or denying attorney fees or costs and disbursements[.]" In other words, as a practical matter, a fee statement is a supplemental pleading that fleshes out a request for fees alleged in an initial pleading or motion once the facts supporting that request become known as a result of the

---

[7] Plaintiff also argues that, because he attached his attorney fee statement to a motion for entry of a supplemental judgment awarding fees, that brought his particular filing within the scope of ORCP 15 D as a "motion." But ORCP 68 does not prescribe such a motions practice, and we are reluctant to infer that the Council intended to make a court's authority to extend the time period for filing an attorney fee statement contingent on the happenstance of a party attaching the statement to a motion not contemplated in the provisions of ORCP 68. Thus, we address only whether a statement of attorney fees is, itself, a "pleading" or a "motion" that is subject to ORCP 15 D.

[8] *See* Or Laws 1979, ch 284, § 13 (changing slightly the wording of ORCP 15 A, as promulgated by the Council, but leaving intact the text of ORCP 15 D). Under those circumstances, "the intent of the Council guides us in the interpretation of the rules of civil procedure." *State v. Ainsworth*, 346 Or 524, 534 n 9, 213 P3d 1225 (2009).

resolution of the case. *See* ORCP 68 C(2)(a) ("A party seek-ing attorney fees shall allege the facts, statute, or rule that provides a basis for the award of such fees in a pleading filed by that party."); ORCP 68 C(2)(b) ("If a party does not file a pleading but instead files a motion or a response to a motion, a right to attorney fees shall be alleged in such motion or response, in similar form to the allegations required in a pleading.").

Further, at the time that ORCP 15 D was promul-gated, Oregon law had long treated statements of costs and disbursements as pleadings.[9] *See former* ORS 20.210 (1978), *repealed by* Or Laws 1981, ch 898, § 53 (statute on which ORCP 68 was predicated characterized statements of costs and disbursements as "pleadings * * * subject to amendment like pleadings in other cases"); *Hays v. Pigg*, 267 Or 143, 150, 515 P2d 924 (1973) (concluding, in reliance on *former* ORS 20.210, that trial court did not abuse its discretion by permitting amendment of statement of costs and disburse-ments); *Hill v. Hill et ux.*, 128 Or 177, 180, 270 P 911 (1928) (statement of costs and disbursements and objections to that cost bill constitute the "pleadings"); *Perkins v. Perkins*, 72 Or 302, 309, 143 P 995 (1914) (same); *McFarlane v. McFarlane*, 43 Or 477, 487, 75 P 139 (1904) (same). The attorney fee statements contemplated by ORCP 68 resemble those state-ments of costs and disbursements that the drafters of ORCP 15 D would have viewed as pleadings. In fact, ORCP 68, and its procedure for the pleading and proof of attorney fees, was drawn from the text of *former* ORS 20.210. *See* Council on Court Procedures, Staff Comment to ORCP 68, 22 (Dec 13, 1980) ("Subsections 68 C (4) and (5) are based upon the existing costs and disbursements procedure in ORS 20.210 through 20.230."). As noted, that statute characterized statements and costs and disbursements as "pleadings."

Moreover, the phrasing of ORCP 68 suggests that its drafters understood attorney fee statements to be a form of pleading. ORCP 68 C(4)(d) states that "[s]tatements, objec-tions, and responses may be amended or supplemented in accordance with Rule 23." That is, the Council made the rule

---

[9] ORCP 15 was promulgated before ORCP 68; ORCP 68 was not promulgated until the Council's second biennium (1979-1981).

governing amendment of pleadings applicable to the amendment of statements, objections, and responses, suggesting that the Council viewed those documents as pleadings. *See* ORCP 23 (governing amended and supplemental pleadings). ORCP 68 also speaks of the need (or lack thereof) for further "pleading," apart from the statement for attorney fees, again indicating that the Council viewed attorney fee statements as pleadings. *See* ORCP 68 C(4)(b) (objection to statement for attorney fees "shall be specific and may be founded in law or in fact and shall be deemed controverted *without further pleading*" (emphasis added)). Perhaps for those reasons, we routinely have characterized attorney fee statements under that rule as "pleadings." *See Arabian v. Kearns*, 64 Or App 204, 207-08, 667 P2d 1038 (1983) (interpreting ORCP 68 C(4), and describing statement of attorney fees and objections as "pleadings"); *City of Portland v. Carriage Inn*, 64 Or App 751, 754, 669 P2d 1185, *rem'd*, 296 Or 191, 673 P2d 531 (1983) (same); *see also Chase v. Vernam*, 199 Or App 129, 137, 110 P3d 128 (2005) (indicating that an objection to an attorney fee statement falls within the scope of ORCP 15 D).

We acknowledge that other provisions of the Oregon Rules of Civil Procedure, and our case law under the rules, could point to a different conclusion. ORCP 68 refers to motions, pleadings, and attorney fee statements throughout its provisions, suggesting that an attorney fee statement might be different from a "pleading," rather than a specific type of pleading. We have held that an attorney fee statement under ORCP 68 is not a "mere pleading," but can also serve an evidentiary purpose if properly itemized and verified. *Dept. of Transportation v. Gonzales*, 74 Or App 514, 519-20, 703 P2d 271, *rev den*, 300 Or 249 (1985). Additionally, although we have not addressed the issue explicitly, our cases suggest that an attorney fee statement, if a pleading, is not the sort of initial pleading that can be used to satisfy the requirement in ORCP 68 that entitlement to attorney fees must be alleged in a pleading or motion. *See, e.g., Anderson v. Dry Cleaning To-Your-Door*, 249 Or App 104, 275 P3d 181 (2012) (reversing award of attorney fees where the plaintiffs filed an attorney fee statement but had not asserted entitlement to fees in a prior pleading or motion). *Compare* ORCP 68 C(2)(a)-(b) ("A party seeking attorney

fees shall allege the facts, statute, or rule that provides a basis for the award of such fees in a pleading filed by that party. * * * If a party does not file a pleading but instead files a motion or a response to a motion, a right to attorney fees shall be alleged in such motion or response, in similar form to the allegations required in a pleading."), *with* ORCP 68 C(4)(a)(i) ("A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment * * * [f]ile with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements * * *."). Rather, to the extent that an attorney fee statement is a pleading, it is a supplemental pleading that sets forth the facts underlying a request for fees after an entitlement to fees has ripened and those facts have become known.

We also recognize that there is some tension between ORCP 13 B and the conclusion that an attorney fee statement is a pleading. That provision specifies that the pleadings permitted under the Oregon Rules of Civil Procedure are a complaint, a third-party complaint, an answer, a counterclaim, a cross-claim, and a reply, and that "[t]here shall be no other pleading unless the court orders otherwise." ORCP 13 B. Attorney fee statements are not identified on that list of enumerated pleadings, and a court need not "order otherwise" to authorize the filing of one, because ORCP 68 authorizes the filing.

Ultimately, however, those tensions do not persuade us that an attorney fee statement under ORCP 68 is not a "pleading" under ORCP 13 B and therefore is not subject to ORCP 15 D. Both ORCP 13 and ORCP 15 were promulgated before ORCP 68. An attorney fee statement meets the definition of a pleading under ORCP 13 A, and other provisions of ORCP 68 treat an attorney fee statement as if it is a pleading. Both this court and the Supreme Court have commonly referred to statements for attorney fees or costs and disbursements as pleadings, both before and after the enactment of ORCP 68. So has the legislature. *See former* ORS 20.210 (characterizing statements of costs and disbursements as "pleadings * * * subject to amendment like pleadings in other cases"). Although an attorney fee statement is not an enumerated pleading under ORCP 13 B, that

does not mean that is not a pleading at all, in light of the specification in ORCP 13 B that a court could authorize the filing of pleadings in addition to the enumerated ones. Thus, the tension that exists appears to be a product of the fact that the different rules at issue were enacted at different times and are not fully harmonious, rather than an indication that the legislature intended for attorney fee statements to be treated as something other than supplemental or ancillary pleadings.

Finally, we have reviewed the history of ORCP 68. Nothing in that history suggests that, in adopting ORCP 68, the Council or the legislature intended either to alter the common perception that attorney fee statements are pleadings or to preclude a court from permitting the late filing of, or granting an extension of time to file, an attorney fee statement under ORCP 15 D. If anything, our case law weighs in favor of the conclusion that the ORCP 68 timelines are excusable and extendable. The ORCP 68 procedures are not jurisdictional. *See Weatherspoon v. Allstate Ins. Co.*, 193 Or App 330, 336-37, 89 P3d 1277, *rev den*, 337 Or 327 (2004) (ORCP 68 C(4)(a)(i), which requires the filing of an attorney fee statement, is not a jurisdictional prerequisite to a fee award). That suggests that, in promulgating ORCP 68, the Council did not intend to restrict the authority of trial courts to excuse strict compliance with those procedures by, for example, permitting late filings or granting extensions of time under ORCP 15 D "as may be just."

We therefore hold that an attorney fee statement is a "pleading" for purposes of ORCP 15 D, and a trial court has discretion under that rule to allow an untimely filing of, or to enlarge the time permitted to file, such a statement.[10] Because we conclude that an attorney fee statement is the type of pleading that is subject to ORCP 15 D, we must consider defendants' alternative argument that the trial court abused its discretion when it granted plaintiff's ORCP 15 D motion on the facts of this case. It did not.

---

[10] Because we conclude that an attorney fee statement qualifies as a "pleading" for purposes of ORCP 15 D, we do not address whether an attorney fee statement might also properly be characterized as a "motion" under the rule. We note that the Supreme Court has, at times, described an attorney fee statement as a "motion." *See Mulier v. Johnson*, 332 Or 344, 347, 29 P3d 1104 (2001).

This case is not distinguishable from *Best Overhead Door* in any meaningful way. In that case, we concluded that the trial court did not abuse its discretion when it granted the prevailing party's ORCP 15 D motion to permit a late-filed fee statement, notwithstanding the fact that the delay resulted from the party's attorney mistakenly mailing the request to the trial court clerk on the due date, rather than hand-delivering it.[11] Here, as in *Best Overhead Door*, plaintiff's attorney chose to mail, rather than to hand-deliver, plaintiff's fee statement to the court, and that statement was not docketed within the timeline prescribed by ORCP 68. And, consistent with *Best Overhead Door*, it was well within the trial court's discretion to allow plaintiff's ORCP 15 D motion to permit a late filing under those circumstances. *See City of Portland v. Structure at 18 NW 3rd Ave.,* 150 Or App 143, 150, 945 P2d 631 (1997) (ORCP 15 D grants trial courts "broad authority" to extend statutory time limits). That is particularly true in light of the fact that, in this case, plaintiff's attorney put the fee statement in the mail at his first opportunity—the day after judgment was entered—rather than delaying his attempt to file until the due date.

Notwithstanding the similarity between the circumstances in this case and those in *Best Overhead Door*, defendants argue that the trial court abused its discretion in granting plaintiff's ORCP 15 D motion because plaintiff did not file his motion until nearly two months after defendants objected to the statement as untimely. We are not persuaded that that delay rendered the trial court's decision to grant the motion a legally impermissible one under the circumstances of this case.

Affirmed.

---

[11] As mentioned, based on how the case was litigated, both at trial and on appeal, we assumed without deciding that a fee statement under ORCP 68 is the sort of "pleading or motion" to which ORCP 15 D applies. *Best Overhead Door*, 238 Or App at 563 n 2.